ROLAND E. BEAUREGARD *vs.* TOWN COUNCIL OF THE TOWN OF SOUTH KINGSTOWN.

JULY 29, 1954.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This is a petition for certiorari to review a decision of the town council of the town of South

Kingstown in this state denying the petitioner's application to amend the zoning ordinance and map of said town. Pursuant to the writ all pertinent papers were duly certified to this court.

The petitioner requested the town council to change the zoning classification of a certain parcel of land situated at the southeasterly corner of Kingstowne and Mooresfield roads in the village of Kingston in said town, from its present classification of residence A to business or commercial district. That petition was denied by the town council and petitioner brought the instant petition under the provisions of public laws 1928, chapter 1298, sec. 9, a special enabling act for the town of South Kingstown. This section, however, was amended by P. L. 1950, chap. 2490, which is the applicable law in the instant case.

As thus amended the pertinent part of sec. 9 thereof reads as follows: "Any person or persons, jointly or severally aggrieved by any ordinance or decision of said town council or decision of said zoning board of review made under the authority conferred by this act, may present to the supreme court a petition duly verified, setting forth that such ordinance or decision is illegal or unreasonable in whole or in part and specifying the grounds of the illegality or unreasonableness."

The question before us is whether under that section the petitioner has the right to a review by certiorari of the proceedings involved in the instant case. The great weight of authority is to the effect that, unless otherwise provided by statute, certiorari will not lie to review proceedings purely legislative or administrative in character. *R. I. Home Builders, Inc. v. Hunt,* 74 R. I. 255; *Sisson ex rel. Ayotte v. Peloquin,* 133 Atl. 621, (R. I.); *Greenough v. School Committee,* 27 R. I. 427; *Donahue v. Town Council,* 25 R. I. 79.

An examination of sec. 9, *supra,* discloses no provision therein which either in express language or by necessary implication gives a party, who considers himself aggrieved

by any action of the town council in enacting, amending or repealing a zoning ordinance, a review of every such action as of right by certiorari. When the above section is construed in connection with the language of the whole act, the right of review given by P. L. 1950, chap. 2490, sec. 9, to a person who considers himself aggrieved by a "decision" of a town council is limited to alleged violations of secs. 3, 6 and 10 of the special enabling act. Those sections, as they appear in P. L. 1950, chap. 2490, read as follows:

"Sec. 3. No such ordinance shall be enacted, amended or repealed until after a public hearing has been held upon the question of the enactment, amendment or repeal of such ordinance, before said town council or a committee or commission authorized by said town council to investigate and make recommendations concerning such proposed ordinance, who shall first give notice of such public hearing, specifying the time and place of such hearing, by publication in a newspaper printed in the county of Washington at least once each week for 3 successive weeks prior to the date of such hearing, at which hearing opportunity shall be given all persons interested to be heard upon the matter of the proposed ordinance."

"Sec. 6. No ordinance enacted under the authority of this act shall prevent or be construed to prevent the continuance of the use of any building or improvement for any purpose to which such building or improvement is lawfully devoted at the time of the enactment of such ordinance."

"Sec. 10. Nothing in this act shall be construed to create any right in said town council to interfere with farming or agriculture anywhere within the limits of said town, and any ordinance which shall attempt to prohibit, restrain or interfere with the full and complete use of land and buildings for agricultural purposes shall be void and of no effect."

Except as to matters specified in the sections just quoted, it is our opinion that the legislature did not intend to give a landowner the right to have this court review a purely legislative decision of the town council respecting the enact-

ment, amendment, or repeal of the zoning ordinance. Since the decision in question does not come within an alleged violation of secs. 3, 6 or 10 of the special enabling act as amended, to which sections our revisory power is confined by the provisions of the act, the prayer of the instant petition must be denied.

The writ heretofore issued is quashed, and the papers certified pursuant thereto are ordered returned to the respondent town council with our decision endorsed thereon.

On Motion for Reargument.

OCTOBER 13, 1954.

Per Curiam. After our decision in the above case the petitioner asked and received permission to file a motion for reargument. Pursuant to this permission he has filed such a motion, setting out therein certain reasons on which he bases his contention that justice requires a reargument of the case. We have carefully considered all those reasons and we are of the opinion that they are without merit.

Motion denied.

*Henshaw, Lindemuth & Siegl, Daniel S. T. Hinman,* for petitioner.

*William H. Leslie, Jr.,* Town Solicitor, for respondent.