ELLEN F. LANG *vs.* THE TOWN COUNCIL OF THE TOWN OF NORTH KINGSTOWN.

OCTOBER 14, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

362

Baker, J. This is a petition for a writ of certiorari to review a decision of the town council of the town of North Kingstown whereby after an advertised hearing the council denied petitioner's request that it amend the zoning ordinance of that town in such a manner that certain property owned by her would be located in a residence C district instead of. in a residence B district. The writ was issued .and in response thereto the pertinent papers and records have been duly certified to this court.

It appears from the petition that the application to the town council was made solely to enable petitioner to legally apply for a special permit to establish and operate a mobile homes park, so called, with a capacity of one hundred units. No constitutional question is raised herein and the petition was heard on its merits and on respondent's motion to dismiss. This motion was based on the ground that the petition for certiorari seeks a review of a legislative action

of the town council and that certiorari does not lie to review such an action. In the view which we take of this proceeding we deem it unnecessary to pass specifically on the motion to dismiss.

It is our opinion that the disposition of the present petition in the circumstances is controlled by the principles laid down in the case of *Beauregard* v. *Town Council of the Town of South Kingstown*, 82 R. I. 244, 107 A.2d 283, which was recently decided by this court. In that case the petition for certiorari, which is generally similar to the one now before us, was brought under public laws 1950, chapter 2490, sec. 9, being part of a special enabling act authorizing the town council of South Kingstown to enact zoning ordinances.

In quashing the writ issued in the *Beauregard* case we made the following statement with respect to section 9: "An examination of sec. 9, *supra*, discloses no provision therein which either in express language or by necessary implication gives a party, who considers himself aggrieved by any action of the town council in enacting, amending or repealing a zoning ordinance, a review of every such action as of right by certiorari. When the above section is construed in connection with the language of the whole act, the right of review given by P. L. 1950, chap. 2490, sec. 9, to a person who considers himself aggrieved by a 'decision' of a town council is limited to alleged violations of secs. 3, 6 and 10 of the special enabling act." These sections are then set out in full in our opinion which concluded as follows: "Since the decision in question does not come within an alleged violation of secs. 3, 6 or 10 of the special enabling act as amended, to which sections our revisory power is confined by the provisions of the act, the prayer of the instant petition must be denied."

The present petition is brought under P. L. 1948, chap. 2079, sec. 9, which chapter is a special enabling act granting power to the town council of North Kingstown to act in

zoning matters. An examination of chapters 2079 and 2490 shows that they are similar except in a few minor details not important herein. Each chapter contains sections 3, 6 and 10 which are in identical language and also a section numbered 9 which in each chapter provides in exactly the same manner for the right of review from acts of the town council. No violation of sections 3, 6 and 10 of chapter 2079 is claimed or shown in this case. It is clear, therefore, that in the circumstances the construction heretofore placed in the *Beauregard* case upon the provisions of chapter 2490 should also be placed upon similar provisions contained in chapter 2079 which are involved in the present petition and we so hold.

The prayer of the petition is denied, the writ heretofore issued is quashed, and the papers certified pursuant thereto are ordered returned to the respondent town council with our decision endorsed thereon.

*Michael DeCiantis,* for petitioner.

*James H. Donnelly,* Town Solicitor, for respondent.