JAMES BAKER *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF NORTH KINGSTOWN.

JANUARY 27, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a petition for certiorari to review the decision of the zoning board of review of the town of North Kingstown denying the petitioner's application for an exception or variance under section 17, paragraph (8), subparagraph (b) of zoning ordinance No. XXX of that town. The writ was issued and in compliance therewith the board has made due return to this court of the records of its proceedings on the application.

The petitioner owns lot No. 15 on tax assessors' plat No. 40 situated on the west side of Boston Neck Road in a residence A district. He proposed to develop only the northeast portion of the lot, 300 feet square, by erecting thereon a modern gasoline filling station. In support of his application he represented to the board that the northerly 150 feet of the lot is a rocky ledge, poorly drained, and hence unsuitable for dwellings. The application itself alleged as grounds for the board permitting a business use on the northeast portion of the lot: "This parcel of land is situated in an area which would not be a likely residential area. It is at the intersection of two main highways, one of which is very heavily traveled in the summer months. The parcels of land opposite this land are all zoned for business, which also would not attract residential dwellers."

The petitioner based his right to seek relief from the board not under the general statute but on public laws 1948, chapter 2079, sec. 8, a special act enabling North Kingstown to enact zoning ordinances, and on the provi-

sions of sec. 17 (8) (b) of zoning ordinance No. XXX enacted pursuant to chapter 2079. The pertinent portions of that chapter and ordinance read as follows:

Chapter 2079, sec. 8:

"* * * said board shall in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of any ordinance enacted under the authority of this act, in harmony with its general purpose and intent and in accordance with general or specific rules contained in such ordinance, or where such exception is reasonably necessary for the convenience or welfare of the public."

Zoning ordinance No. XXX, sec. 17 (8) (b):

"Variances by Board of Review. When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, the Zoning Board of Review may in a specified case after a public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows:

\* \* \*

(8) Permit the location in a residence district of any use authorized in a business D district under the following conditions:

\* \* \*

(b) Provided that in a residence A district there shall be on file with said Board, a petition, duly signed and acknowleged, of the owners of 75% of the area of all the lands within a distance of 500 feet of the proposed business use or structure."

Apparently in an attempt to comply with subpar. (b) petitioner filed with the board a paper signed by twenty-one persons but not acknowledged. It is entitled "Petition For An Exception To The Zoning Laws Of The Town Of North Kingstown," and reads as follows:

"Saunderstown, Rhode Island
March 15, 1954

To the North Kingstown Zoning Board of Review:

We the undersigned, as land owners in the Town of North Kingstown and within a radius of (1000) one thousand feet of plat (40) forty, lot (15) fifteen, have no objection to the erection of a modern two-bay service station on said plat, as proposed by James F. Baker on an application to the North Kingstown Zoning Board of Review dated March 15, 1954 for an exception to the zoning laws of the Town of North Kingstown."

Obviously this is not a clear and unequivocal statement that the signers own 75 per cent of the area of all the lands within a distance of 500 feet of the proposed station. In the absence of compliance with that provision in subpar. (b), petitioner was not entitled to invoke the board's discretion to grant him an exception under par. (8). Therefore, insofar as they refused to consider his application thereunder they did not err. However, they did consider it on its merits under section 8 of the special enabling act.

That section vests the board with power to grant exceptions from the terms of the zoning ordinance in two instances: First, where such exception is in harmony with the general purpose and intent of the ordinance and is in accordance with general or specific rules contained therein; and secondly, where such an exception is reasonably necessary for the convenience or welfare of the public. In the first instance unless the ordinance contains an express provision authorizing the exception applied for the board is without power to grant it. But in the second instance the board's power to grant an exception does not depend upon any specific or general rule prescribed in the ordinance but arises directly and independently from section 8 of the enabling act. Thus in such a case if, after hearing, the board finds there is sufficient evidence to satisfy them that the exception applied for is in harmony with the general purposes and intent of the ordinance and also is reasonably necessary for the convenience or welfare of the public, they are authorized by the language of section 8 itself to grant such exception.

It appears from the board's decision that they considered petitioner's application under that section. It further appears therefrom that on the evidence before them they denied it principally because they were of the opinion that petitioner had failed to show that an exception such as he had applied for would be in harmony with the general purposes and intent of the ordinance and was reasonably necessary for the convenience or welfare of the public.

The evidence in the record consists solely of letters from certain persons in the neighborhood expressing their objections to or approval of the application. There are also a number of photographs of petitioner's lot and of neighboring land along Boston Neck Road in the immediate vicinity. There is no transcript of testimony. In the board's decision there is a summary of the evidence, such as it is, which they considered in reaching their conclusion.

From our examination of the record we cannot say that they abused their discretion in denying the application. That discretion, especially under the second provision of section 8, is very broad and petitioner had the burden of persuading the board to exercise it in his behalf. They found that he had failed to discharge such burden. The evidence in the record does not convince us that they erred. In our opinion their decision is neither arbitrary nor capricious and does substantial justice.

We have considered the instant petition solely under the special enabling act, P. L. 1948, chap. 2079. Therefore we have not discussed the allegation in paragraph 22 of the petition, namely, that the decision is in violation of the intendment of G. L. 1938, chap. 342. That chapter does not apply to North Kingstown in view of the fact that the legislature has enacted a special enabling act solely for its benefit.

Under section 8 thereof the zoning board is not authorized to grant variances in hardship cases. In this respect the special enabling act differs from G. L. 1938, chap. 342, §8, the general enabling act, wherein zoning boards estab-

lished thereunder are expressly so authorized. Hence cases cited by petitioner involving applications under such chapter 342 for variances on account of hardship are not in point. Whether the omission of a like provision in P. L. 1948, chap. 2079, affects the validity of that chapter is a question that is not before us for determination and petitioner may not raise it where, as here, he has applied for relief under such chapter. *Heffernan* v. *Zoning Board of Review,* 49 R. I. 283.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records and papers certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*Michael DeCiantis,* for petitioner.

*James H. Donnelly,* Town Solicitor, for respondent board.