VITO ALIANIELLO *et al. vs.* TOWN COUNCIL OF THE TOWN OF EAST PROVIDENCE.

OCTOBER 21, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This is a petition for a writ of certiorari seeking to review the action of the town council of the town of East Providence in amending the zoning ordinance of that town so as to include a certain area in zone D commercial. Pursuant to the writ the pertinent records have been certified to this court.

It appears therefrom that Frances D. Brown was the owner of certain land designated as lots numbered 509, 510, 511, 516 and 529 on tax assessor's plat No. 4 of said town; that lots 509, 510 and 511 are located in zone A residential; that lot 529 is located in zone C business; that lot 516 is partly in zone A residential and partly in zone C business; and that the owner applied to the town council for a change in the zones so that zone D commercial

as then established would be extended to include the area in which her above-mentioned lots were located. It also appears that the proposal to change the zones was duly advertised; that a public hearing was held in .accordance therewith; and that acting thereon the town council passed an ordinance whereby the lines of zone D commercial were extended so as to substantially include the area in which applicant's lots were located.

The petitioners here are the owners of lots 505, 512, 513, 514 and 515 on said tax assessor's plat No. 4. These lots are located on Division street in said town in zone A residential and are adjacent to certain of the lots belonging to the applicant. The petitioners appeared as remonstrants at the public hearing to oppose the change of the zoning district lines as requested by the applicant.

After the hearing the town council passed the amending ordinance and the instant petition was brought to have such enactment quashed. It alleges in substance that the action of the town council was not purely legislative in nature; that it was in reality a judicial decision of the town council attempting to exercise the authority vested in the zoning board of review of that town; and that said action was also inconsistent with the purposes of the enabling act, general laws 1938, chapter 342, as amended. It is also alleged that the proposed rezoning would constitute "spot zoning" by isolating a particular piece of property now located in a residential A district and transforming it under the amended ordinance into a commercial zone; that this was not consistent with a comprehensive plan nor in keeping with any substantial relationship to public health, safety, morals and general welfare; and that for these reasons in particular the decision was arbitrary, unconstitutional and illegal.

In our opinion the controlling question is whether petitioners have a right to have this court review by certiorari the action of the town council of East Providence in amend-

ing its zoning ordinance. We have held that ordinarily the action of a town council sitting as a purely legislative body is not reviewable on certiorari. *R. I. Home Builders, Inc.* v. *Hunt*, 74 R. I. 255, 258. Moreover, even where the general assembly passed a special enabling act for a town, we did not extend the power of reviewing by certiorari the legislative actions of the town council any further than was absolutely required. See *Lang* v. *Town Council*, 82 R. I. 361, 364, 108 A.2d 166, 167; *Beauregard* v. *Town Council*, 82 R. I. 244, 107 A.2d 283.

In the instant case the petitioners concede the correctness of these principles of law. However, they contend that the action of the town council in question was not a purely legislative action but was judicial in character. We do not agree with this contention. The state enabling act, G. L. 1938, chap. 342, provides that a town may enact a zoning ordinance, and in general leaves the comprehensive plan of locating particular zoning districts solely to the town council acting as a legislative body. It further authorizes the town council to amend an ordinance by changing the lines of the established zones. In that connection we have held that such jurisdiction may be exercised only by the town council acting legisatively rather than by a town council or zoning board of review acting as *quasi* judicial or administrative bodies. See *Beauregard* v. *Town Council, supra; Siegl* v. *Town Council and Zoning Board of Review,* 75 R. I. 502, 507; *Matteson* v. *Zoning Board of Review,* 79 R. I. 121, 123.

The petitioners nevertheless claim that the action of the town council was reviewable by this court on certiorari on the ground that it was judicial in character and that there was no legal evidence to support it. In our opinion this view erroneously assumes that the original application of Frances D. Brown was addressed to the town council sitting as a zoning board of review and that it requested an exception or variance from the terms of the zoning ordinance; that

the action of the town council was really the granting of an exception or variance; and that as such it was judicial in character and therefore reviewable by certiorari under ordinary zoning procedures.

In such connection the record establishes that the action of the town council in question, in amending the established zoning ordinance, was taken after the proposed change in zoning district lines had been duly advertised in accordance with the provisions of the enabling act. In our opinion such action was legislative rather than judicial and in the absence of statutory authority to the contrary it is not reviewable by this court on certiorari.

The petitioners also argue to the effect that under the law the ordinance must conform to the comprehensive plan and be related to public health, safety and morals. However, such plan does not appear in the record and in any event under the enabling act those questions are left in the first instance to the town council as a legislative body. Moreover acceptance of such contention would require this court to consider evidence and make findings of fact before we could ultimately determine whether there was an error of law. But on certiorari this court will not stop to investigate facts and weigh evidence which may have been presented at a public hearing of a town council before it takes legislative action. Even if we did, there is no record before us of such evidence and we know of no requirement in the general enabling act that a legislative body must keep a record of such a hearing.

Unless the action of the town council on its face is clearly in violation of or in excess of its legal right to proceed within the provisions of the enabling act, the remedy for an aggrieved party is not by way of certiorari. When a successful applicant attempts to take advantage of changes in the ordinance in a way that injures or threatens substantial injury to the rights of owners of adjoining property in a particular zone, other remedies are available to such owners

if they can establish that the action of the town council amending the ordinance was illegal. See *R. I. Home Builders, Inc.* v. *Hunt,* 74 R. I. 255, 259; *R. I. Home Builders, Inc.* v. *Budlong Rose Co.,* 77 R. I. 147.

The petitioners further contend that the action of the town council was illegal and in excess of the authority granted to it under the enabling act in that it amounted to "spot zoning" which was not in conformity with the general character of the neighborhood that had not changed. In support of this view petitioners cite *Whittemore* v. *Building Inspector of Falmouth,* 313 Mass. 248, *Leahy* v. *Inspector of Buildings of New Bedford,* 308 Mass. 128, and *Linden Methodist Episcopal Church* v. *City of Linden,* 113 N.J.L. 188.

The difficulty with this argument generally is that we must first assume the case is properly here on certiorari before we can make an investigation of any evidence or facts to determine the basis for such a claim. Moreover petitioners fail to note that in the two Massachusetts cases the accepted procedure apparently was by mandamus and that the court was reviewing a decision made by a single justice who had heard the case on the report of an auditor making findings of fact. Similarly in the New Jersey case the statute required a petition and hearing before a board of adjustment for a change of zone, and a recommendation by that board to the council for its approval and consequent passage of an amending ordinance. There the board of adjustment held no hearing, made no recommendation, and there was no evidence before the board or council to show that the respective actions ultimately taken by each were within the scope of their authority. Obviously the procedure and the facts in such cited cases are quite different from those of the instant case where we are asked on certiorari to investigate the evidence and make findings of fact rather than to determine merely questions of law on facts already found by another tribunal.

In view of our conclusion that the case involves a legislative action and is not properly here on certiorari, we need not consider the various subsidiary questions advanced by petitioners as if the action complained of were a decision of a zoning board of review granting an exception or variance.

The prayer of the petition is denied, the writ heretofore issued is quashed, and the papers certified pursuant thereto are ordered returned to the respondent town council with our decision endorsed thereon.

BAKER, J., did not participate in the decision.

*James J. McAleer,* for petitioners.

*Sarkis Tatarian, Town Solicitor, Joseph Mainelli,* for respondent.