COMMUNITY HOME BUILDERS, INC. *vs.* THE TOWN COUNCIL OF THE TOWN OF NORTH KINGSTOWN *et al.*

NOVEMBER 4, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Flynn, C. J. This petition for certiorari was brought under the provisions of a special enabling act for zoning, public laws 1948, chapter 2079, sec. 9, to review the action of the town council of the town of North Kingstown in enacting an ordinance amending the building ordinance of that town. Pursuant to the writ the town clerk has certified the pertinent records to this court.

From such records and from the petition the following among other facts appear. The petitioner is a builder and agent for prefabricated houses. The respondents are respectively the members of the town council, the building

inspector, and the town clerk of the town of North Kingstown. Under the former building ordinance the petitioner had received from the building inspector some twenty-two permits to erect prefabricated houses at certain locations in that town. Subsequently as a result of a general public interest as to the effect thereof the respondent town council proposed an amendment to the building ordinance.

Such proposal was duly advertised and a public hearing thereon was held March 22, 1954 in accordance with the provisions of the special enabling act. The petitioner and others were present or represented at that hearing. However, because of the unusually large attendance and the limited accommodations, the meeting was transferred to the school auditorium. At the conclusion thereof it was publicly adjourned to March 26 for further consideration and on that date the town council, in accordance with the adjournment, met and enacted the proposed amendment as advertised, adding therein only a phrase "at their least" to clarify the meaning of one sentence.

At the meeting of March 22 petitioner was represented by counsel, who there admitted that his client had received a fair hearing, and it does not appear that because of the transfer or adjournment any interested taxpayer was absent or failed to appear to favor or to oppose adoption of the proposed amendment. The amended ordinance as finally enacted required in substance and effect that in the interest of safe building and health requirements all construction, both prefabricated houses and otherwise, must meet certain standards as described in the amended code. It also provided that variances therefrom could be made by the building inspector with the approval of the zoning board, provided that such variances would not violate the express minimal standards for construction as required of all persons.

The petitioner, believing that the proposed ordinance was aimed intentionally at preventing it from building any more

prefabricated houses and that the enactment failed to respond to certain requirements of the special zoning act in some particulars, has brought this petition. It is contended in general that the amended ordinance was invalid in that the town council violated the provisions of such act requiring advertising of any changes in the zoning or building ordinances; that the passage thereof was contrary to, and was intended by respondents to thwart the intent of, the legislature; that the amendment was arbitrary and designed to injure petitioner; and that the passage thereof deprived it of due process of law and was discriminatory.

At the outset we meet the controlling question whether this court should review by certiorari a purely legislative action of the town council of North Kingstown, even under the special zoning statute enacted for that town by P. L. 1948, chap. 2079. It appears that the special act in question is identical with a similar enabling act for zoning in the town of South Kingstown, P. L. 1950, chap. 2490, in respect to secs. 3, 6, 9 and 10. Section 9 of each act reads in part as follows:

"Sec. 9. Any person or persons, jointly or severally aggrieved by any ordinance or decision of said town council or decision of said zoning board of review made under the authority conferred by this act, may present to the supreme court a petition duly verified, setting forth that such ordinance or decision is illegal or unreasonable in whole or in part and specifying the grounds of the illegality or unreasonableness."

We had occasion to consider the meaning and effect of such provision in *Beauregard v. Town Council*, 82 R. I. 244. In that case we held that in the absence of an appropriate statute this court ordinarily would not review by certiorari an allegedly invalid action of a town council in passing an amendment to the zoning ordinance; and that even under sec. 9 of the special zoning statute for South Kingstown the legislature did not intend that every person

considering himself aggrieved by any action of the town council in amending or repealing an ordinance was entitled as of right to have such action reviewed. We further held in that case that the review of a decision of the town council as intended by sec. 9 of the special zoning act was limited to alleged legal violations of secs. 3, 6 and 10 of such act.

Here the special enabling act contains similar provisions and petitioner alleges no violation of the law as set forth in secs. 6 and 10. The only violation seems to be the claim that the town council's action is invalid in that the ordinance as finally amended was not properly readvertised after adjournment of the first meeting and before the enactment; that the words "at their least" in one sentence were added by the town council after the proposed amendment had been advertised; and that both of these facts were contrary to or not in accordance with the requirements of sec. 3. In this connection it is further contended that it was necessary in the circumstances of record to readvertise the newly amended proposal as well as the hearing at the adjourned meeting before the town council could validly pass the ordinance.

We do not agree with any of these contentions. It is admitted that the first proposal to amend the ordinance was duly advertised; that accordingly a public hearing was held thereon; and that petitioner and all other interested persons desiring to be heard were given an opportunity to state their views for or against its proposed enactment. For reasons of convenience to the taxpayers, who were in attendance in large numbers, the meeting was transferred to the school and thereafter was duly adjourned to a specific date, time and place. This was known to all, including petitioner. Although there are several allegations in the petition and brief of petitioner to the effect that a "secret" meeting was held, there is nothing in the record to justify such an allegation or contention.

We find no provision in the special enabling act and no

practice thereunder that would require new and further advertising of an adjourned regular meeting. Nor do we agree that the insertion of the words "at their least" in an appropriate part of the proposed amendment, after the first proposal had been advertised, required a readvertising or was prejudicial to anybody's rights. There is no provision in the law that after a proposed ordinance has been duly advertised and a hearing has been held, a town council must act forthwith, or that they must adopt or reject such proposal without the slightest modification of any kind. Indeed one of the purposes of the hearing is to obtain information that will help the council to design a satisfactory amendment.

However, in our opinion the adequate answer here is that in any event the phrase "at their least" was merely added to make explicit the criteria or standards of construction to be followed where such requirement had been implicit in the original proposal. The addition of this phrase made no substantial change. It merely made expressly clear that the specifications set forth by the ordinance were to be the *minimal* standards which were obligatory on the building inspector, the zoning board of review, and on all contractors alike, whether they erected prefabricated houses or otherwise. There was no discrimination and no barring of prefabricated houses as contended by petitioner. Like all others, those houses may still be erected if the established standards are met. Further we cannot say from this record that the provisions have no substantial relation to the exercise of the police powers for safe building and health requirements. In the circumstances, therefore, since the only issue which is properly reviewable by certiorari under our interpretation of the special zoning act is not sustained by the petitioner's contentions, we are of the opinion that the petition should be denied.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified

to this court are ordered sent back to the respondent town clerk with our decision endorsed thereon.

BAKER, J., did not participate in the decision.

*Walter R. Orme, Edward M. McEntee,* for petitioner.

*James H. Donnelly, Town Solicitor,* for respondents.