JOHN P. KANE *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF EAST GREENWICH.

JANUARY 7, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. This is a petition for certiorari to review the action of the zoning board of review of the town of

East Greenwich in denying the petitioner's application for a variance from the requirements of the zoning ordinance for building in a residence R-30 zone. We issued the writ and in compliance therewith the board have made due return of all their records and papers pertaining to such application.

It appears therefrom that petitioner is the owner of a tract of land fronting on Kenyon avenue, being a portion of lot 193 on assessor's plat No. 9. The only access from this tract to a public highway is afforded by a strip thereof 25 feet in width fronting on Kenyon avenue. Because the tract is within an R-30 zone limited to lots having an area of not less than 30,000 square feet with a frontage of at least 150 feet on a public highway, petitioner applied for a variance from the latter requirement. The lot otherwise met the area requirement and petitioner proposed to build a one-family dwelling on that portion of the lot exclusive of the 25-foot strip in accordance with the permitted use in the zone.

At the public hearing before the board a substantial number of the neighboring property owners appeared, but after some had interrogated petitioner as to the proposed use of his land none made any objection to the granting of the application for a variance. The only person who made any objection was the president of the town council. Speaking in his official capacity he stated that his objection was based on the ground that the ordinance did not permit building on a lot not having a frontage of 150 feet.

The petitioner testified that he proposed to build a dwelling for his own family and that it would be substantially of the same value as other houses in the immediate area. His architect testified that he had examined petitioner's lot in connection with the plan of the proposed building and that in his opinion the land was ideally situated for such purpose and that the house would not affect adversely

surrounding properties but would more likely enhance their value.

There was no other evidence either for or against the application. And it does not appear from the board's decision that they relied upon any special knowledge of their own. As the evidence stood at the close of the hearing it was abundantly clear that if the variance was not granted it would be impossible for petitioner to use his land for any building purpose. Nevertheless the board in their decision expressly found "that the granting of this application would be contrary to the public interest and that a literal enforcement of the provisions of the zoning ordinance would not result in unnecessary hardship on the applicant."

The petitioner contends that such decision has the effect of depriving him of all beneficial use of his land in violation of the due process clause of the 14th amendment to the federal constitution. And he also argues that the board's decision is lacking any valid reason to support it and therefore it is an arbitrary abuse of discretion and should be quashed.

We must decide this case solely on the record brought up by the writ. Some statements are made in the board's brief with reference to how petitioner's lot was carved out of a larger tract at a time when both petitioner and his grantor knew of the frontage requirements in an R-30 zone. We find nothing in the board's return about such a matter. And if there were any evidence of that nature it would furnish no support to the board's decision unless the town had enacted an ordinance specifically governing the subdivision of land pursuant to G. L. 1956, chap. 23 of title 45. The board's return discloses no reference to such an ordinance.

However, in their brief the board contends that petitioner's lot was created in violation of law and they cite the following provision in sec. 3 of art. I of the zoning ordinance in support of their position: "No lot shall be created

unless it conforms to the provisions of this ordinance." The short answer to such contention is that the town council was not authorized by the zoning law, G. L. 1956, chap. 24 of title 45, to incorporate in a zoning ordinance any provision governing the division and subdivision of land. *Noonan* v. *Zoning Board of Review*, 90 R. I. 466. That power may be exercised by the town council only pursuant to the provisions of G. L. 1956, chap. 23 of title 45 and, as indicated above, it does not appear that the council has ever done so.

The instant case in some respects is not unlike *Denton* v. *Zoning Board of Review*, 86 R. I. 219. There we reversed the decision of the board which denied an application for a variance because the applicants' lot was less in area than that required by the ordinance notwithstanding that such a literal application of the ordinance would deprive the applicants of all beneficial use of their land. In the case at bar it is undisputed that a literal application of the ordinance requirement of 150 feet of frontage on the highway will effectually deprive petitioner of any use of his entire lot even though he proposes to devote it to the only permitted building use under the ordinance, a single-family dwelling.

It seems too clear for argument that such a deprivation cannot be justified consistently with the petitioner's constitutional right of due process. In effect, a literal application of the ordinance amounts to a taking of the petitioner's land without compensation and is tantamount to something much more than a reasonable exercise of the police power upon which the validity of zoning is based. For this reason we think the board's decision in denying the petitioner relief was arbitrary and an abuse of discretion.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the records and papers certified are ordered returned to the board with direction

to grant the variance applied for on condition that no building shall be constructed on any portion of the 25-foot strip.

*Graham, Reid, Ewing & Stapleton, Edward J. Regan,* for petitioner.

*Clinton G. Clough,* Town Solicitor for Town of East Greenwich, for respondents.