206 A.2d 453.

THE CHARLES LAND COMPANY *vs.* ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

JANUARY 19, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

Roberts, J. This is a petition for certiorari to review a decision of the zoning board of review of the city of Providence denying the petitioner's application for an exception or variance that would permit it to use an off-street parking facility for commercial motor vehicles a tract of land presently zoned for general residence uses. The writ issued, and pursuant thereto the pertinent records in the case have been certified to this court.

It appears therefrom that petitioner is the owner of a tract of land somewhat in excess of 100,000 square feet located on the westerly side of Charles street. It is zoned presently for general residence uses in an R-3 classification. The tract is not used for any purpose at the present time, and no structures are located thereon, but it adjoins another tract of land owned by petitioner that is presently used under lease as a truck terminal, it being conceded that this land is zoned for heavy commercial uses.

The application discloses that petitioner sought an exception or a variance under secs. 43 A, 91 and 92 of the zoning ordinance. It appears, however, that the only pertinent exception is provided in sec. 43 A 3 (e), which contemplates the establishment of off-street parking facilities for noncommercial vehicles. It being conceded that the exception sought is for the operation of a parking facility for commercial trucks, the exception above referred to clearly is not available to petitioner. We will, therefore, pursuant to our well-settled practice treat the application as one seeking a variance from a literal enforcement of the terms of the ordinance. *Caccia* v. *Zoning Board of Review,* 83 R. I. 146.

In *Reynolds* v. *Zoning Board of Review,* 96 R. I. 340, 191 A.2d 350, referring to the variance provided in G. L. 1956, §45-24-19(c), we said at page 352: "It is invoked to avoid the confiscatory effect that would follow a literal enforcement of some term of a zoning ordinance operating to deprive an owner of all beneficial use of his land." The burden of petitioner here was to establish that unnecessary hardship would result to it as a result of a literal application of the pertinent terms of the zoning ordinance to the tract in question, it being settled that unnecessary hardship contemplated in the statute is a deprivation of all beneficial use of one's land by a literal application of the terms of the ordinance. *Denton* v. *Zoning Board of Review,* 86 R. I. 219, 223.

The record discloses that the board, in an exercise of its fact-finding power, found that the applicant had not presented sufficient evidence of unnecessary property hardship or that the ordinance deprived it of all beneficial use of the land. It found also that the variance, if granted, would not substantially serve the public welfare and convenience. In its decision, which took the form of a resolution adopted by the board on February 25, 1964, it stated also that the variance, if granted, would have an adverse effect upon residential properties located on the easterly side of Charles street. In this court petitioner argues primarily that there is no legal evidence tending to support these findings upon which the board obviously rested its denial of the application.

The controlling issue is whether there is in the record any legally competent evidence upon which the board could have rested its decision. *Laudati* v. *Zoning Board of Review*, 91 R. I. 116. This court will not ordinarily weigh the evidence, but we will scrutinize the record to determine whether it contains legally competent evidence that will reasonably support the decision. The rule was stated in *Lumb* v. *Zoning Board of Review*, 91 R. I. 498, 502, as follows: "When this court is called upon to review the action of a zoning board of review on certiorari, we will not in the absence of some unusual or compelling circumstance weigh the evidence. Our inquiry ordinarily is limited to ascertaining whether the decision is based upon some legal evidence. Where such legal evidence is found, the decision is not arbitrary and will not be disturbed."

The record before us discloses that prior to the hearing on the instant application the board made an inspection of the tract and noted that it consisted of "vacant, undeveloped and filled land * * *" and was bounded on the west by a stream and a superhighway. It further observed that on the south the tract is bounded by or is adjacent to property zoned for commercial and industrial uses, while

on the easterly side of Charles street there are some residential properties which are in an R-3 general residence zone. Directly to the north of the tract, the board noted, is located a public school. The board further heard from counsel for the applicant, who stated the reasons for which the variance was sought and described the improvements that would be made in the land if it were granted. The board heard also the testimony of certain objectors, who stated that a grant of the variance would adversely affect the value of their properties.

It is clear that the board acquired information concerning the effect of the variance sought on the use of the land in question through the inspection that it made and that, on the basis thereof, it formed certain opinions, which this court has repeatedly held constitute competent evidence upon which a decision of a board may rest when it is disclosed in the record. The board, after reviewing the testimony and plans of the land changes presented by the applicant and formulating these opinions, made the findings set out above.

That the board acted on information so acquired is made abundantly clear by the disclosure in the record of the reasons upon which one of the members dissented from the denial of the application. It appears that he voted to grant the application for the following reasons: "* * * due to the location of the instant premises which is adjacent to an Industrial M-1 Zone and a Heavy Commercial C-4 Zone, several unsuccessful efforts were made to sell or lease the land in question for permitted uses under the Zoning Ordinance and that in his opinion the testimony offered by the Charles Land Company with regard to the zoning as applied to their land did establish undue and unnecessary property hardship if their application for a variance under the Zoning Ordinance were denied in this case."

"It is the well-settled law in this state that a zoning

board of review is presumed to have knowledge concerning those matters which are related to an effective administration of the zoning ordinance. Where it appears from the record that a decision was reached in reliance upon such knowledge, it is considered by this court to constitute legal evidence sufficient to support such a finding." *Monforte* v. *Zoning Board of Review*, 93 R. I. 447, 449 176 A.2d 726, 727. We find inescapable the conclusion that the board in the instant case reached its decision on the basis of similar knowledge and that its denial of petitioner's application for a variance is supported by legally competent evidence in the record.

We are unable to agree with the petitioner's contention that the decision of this court in *East Providence Mills, Inc.* v. *Zoning Board of Review*, 51 R. I. 428, should control the decision of the board in the instant case. In that case this court, in effect, viewed the provisions of the zoning ordinance relating to variance as contemplating that a board of review had jurisdiction thereunder to correct the establishment of improper or unwise zoning districts. Twice in that opinion this court said, in substance, that the placing of two adjoining parcels of land owned by the petitioners in different zoning districts imposed an unnecessary burden on their property and constituted a "sufficient and decisive reason" for the granting of the variance therein sought. This court has since made clear its view that a zoning board of review is without jurisdiction to amend the provisions of the zoning ordinance in the guise of granting a variance or an exception. *Matteson* v. *Zoning Board of Review*, 79 R. I. 121; *Alianiello* v. *Town Council*, 83 R. I. 395.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered sent back to the respondent board with our decision endorsed thereon.

*Factor, Chernick & Hillman, William C. Hillman,* for petitioner.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Assistant City Solicitor, for respondent.