216 A.2d 513.

TOWN OF JOHNSTON *vs.* WALTER H. BARRETT *et ux.*

JANUARY 31, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

PAOLINO, J. This bill in equity was brought by the town of Johnston to enjoin alleged violations of its zoning ordinance by the respondents. The case was heard before a justice of the superior court on amended bill, answer and proof. It is before this court on the respondents' appeal from a decree entered by the trial justice granting the complainant's prayers.

In view of the conclusion which we reach, it is unnecessary to discuss the facts involved in this proceeding. The record discloses a substantial defect which, in our opinion, requires that the bill of complaint be denied and dismissed without prejudice.

The amended bill expressly alleges that it was brought pursuant to G. L. 1956, title 45, chap. 24, entitled "Zoning Ordinances," and generally referred to as the general en-

abling act. In paragraph "Third" of the bill, the complainant alleges in substance that it enacted a zoning ordinance "in accordance with the authority granted by such Act * * *." Nothing in respondents' answer negates complainant's express allegations that the bill was brought "Pursuant to Title 45, Chapter 24 of the Rhode Island General Laws 1956." In fact, their answer assumes that it was, and the cause was heard and decided by the trial justice on the basis of such pleadings and the evidence presented by the parties to support the allegations therein.

It is now disclosed, for the first time in this case, that at all pertinent times the town of Johnston was governed by a special enabling act, P. L. 1952, chap. 3010, by virtue of which the town was authorized to enact zoning ordinances. It is clear from the record that the existence of the special act was overlooked by the parties during the proceedings in the superior court and was never brought to the attention of the trial justice. General laws 1956, §45-24-21, provides that, with respect to zoning ordinances, special statutes are controlling. See *Baker* v. *Zoning Board of Review*, 82 R. I. 432, 437. *Baker* was a petition for certiorari to review the decision of the zoning board of review of the town of North Kingstown denying the petitioner's application for an exception or variance under the zoning ordinance of that town. In discussing the question now before us the court in *Baker, supra,* said at page 436:

> "We have considered the instant petition solely under the special enabling act, P. L. 1948, chap. 2079. Therefore we have not discussed the allegation in paragraph 22 of the petition, namely, that the decision is in violation of the intendment of G. L. 1938, chap. 342. That chapter does not apply to North Kingstown in view of the fact that the legislature has enacted a special enabling act solely for its benefit."

In passing on the validity of the zoning ordinance in the case at bar the trial justice was lulled into reliance on a statute which was not applicable. *Baker, supra.* We do not

inquire whether he would have arrived at the same result had he tested the validity of the local ordinance with the requirements of the special enabling act under which it was enacted. The defect is not a mere matter of procedure; it is one of substance. The cases cited by complainant on this question are not apposite.

On this record we are of the opinion that the question is akin to one of jurisdiction and that if the special enabling act had been called to the attention of the trial justice at any time during the hearing, it would have been his duty to allow the parties to amend their pleadings accordingly, or to dismiss the bill of complaint.

In the circumstances we reverse the decree entered by the trial justice without regard to the reasons of appeal briefed and argued, and remit the case to the superior court with direction to enter a decree denying and dismissing the bill of complaint without prejudice.

*Bruce M. Selya,* Town Solicitor, *Gunning & LaFazia, Raymond A. LaFazia,* for complainant.

*James M. Jerue,* for respondents.