236 A.2d 262.

LUCREZIA G. RAFANELLI *et al. vs.* ZONING BOARD OF REVIEW
OF THE TOWN OF NORTH PROVIDENCE.

DECEMBER 12, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a petition for a writ of certiorari to
review the decision of the respondent board granting an
application for an exception to permit the use of a lot in a
"limited residence" district for the purpose of parking or
storing new and used automobiles in conjunction with an
automobile dealership. The writ issued, and in compliance
with its mandate, the appropriate records were certified to
this court for our examination.

It appears therefrom that the lot in question, although
zoned "limited residence," abuts one of five lots used by
Domenic A. Madonna d/b/a Cal's Pontiac Co. in connec-
tion with the sale of new and used cars. The owner of the
subject lot, said Domenic A. Madonna, filed an application
with respondent board for permission to use it for "Used
& New Car Parking" in connection with said business.

The application was addressed to the authority of the board set forth in art. X, sec. 3A (2) of the zoning ordinance, which provides:

"To hear and decide Special Exceptions to the terms of this ordinance, according to the provisions set forth as follows: A use designated as a special exception use in Article II or elsewhere in this ordinance may be permitted by the Board following a public hearing. Such use shall meet the following requirements:

A. It will be compatible with neighboring land uses.
B. It will not create a nuisance in the neighborhood.
C. It will not hinder the future development of the town.
D. It will not adversely affect the value of neighboring property.

In granting a special exception, the Board may impose such safeguards and conditions on the proposed use as are deemed necessary in order to conform to these requirements. The disregarding of any such condition or safeguard shall be considered as a violation."

The applicant concedes that the relief sought is not authorized as a special exception in a "limited residence" zone. He argues, however, that on a finding by the board that the standards set forth in the cited section have been established by competent evidence, the board may then proceed to grant a special exception by reason of the broad authority vested in boards of review by the provisions of G. L. 1956, §45-24-13. It provides in pertinent part "* * * said board of review may, in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance * * * where such exception is reasonably necessary for the convenience or welfare of the public." In support of this contention, it relies on Baker v. Zoning Board of Review, 82 R. I. 432, 111 A.2d 353 (1955).

In Baker, however, the board of review consisted of the town council by reason of a special enabling act, and it was on the authority of the provisions of that special enabling

act that this court supported the exercise of a broad discretion set forth in said special enabling act, and similar to that contained in §45-24-13 of the general enabling act.

To whatever extent the *Baker* case may still be the law in this state, it is limited to the facts of that case and is not applicable here.

The relief sought in the case at bar was addressed to the provisions of an ordinance adopted pursuant to the terms of the general enabling act. In such cases, the jurisdiction of the board to grant special exceptions is limited by the terms of the ordinance. *Cole* v. *Zoning Board of Review*, 94 R. I. 265, 269, 179 A.2d 846, 848 (1962). There, pointing out that the relief sought by way of a special exception was not provided for within the terms of the ordinance, this court said:

> "The restriction of the exception-making power of a board of review to exceptions that are prescribed in the ordinance by the local legislature is well settled with respect to those municipalities that enact the zoning ordinances pursuant to the terms and provisions of the general enabling act * * *."

The instant case falls within this rule. To hold otherwise, would permit the zoning board to amend the ordinance, and this we have held is expressly outside its jurisdiction. *Matteson* v. *Zoning Board of Review*, 79 R. I. 121, 84 A.2d 611 (1951); *Alianiello* v. *Town Council*, 83 R. I. 395, 117 A.2d 233 (1955); *Charles Land Co.* v. *Zoning Board of Review*, 99 R. I. 161, 206 A.2d 453 (1965).

It is conceded that there is no evidence of unnecessary hardship such as would support the decision of the board as constituting the grant of a variance; and the grant of a special exception for the requested use on the subject property being outside the board's jurisdiction, it follows that its decision is invalid.

The petition for certiorari is granted, the decision of the board is quashed, and the records certified to this court are

ordered returned to the respondent board with our decision endorsed thereon.

*McGee, Gifford and Giannini, Anthony A. Giannini, Seth K. Gifford,* for petitioners.

*Robert S. Ciresi,* Town Solicitor, for respondent.