[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a September 24, 1992 decision of the Zoning Board of Review of the Town of Johnston ("Board"). The plaintiffs seek a reversal of the Board's decision to grant the defendant's application for relief. Jurisdiction is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-20.
FACTS/TRAVEL
Plaintiffs, Daniel and Assunta Lombardi ("plaintiffs"), are owners of property located at 30 Irons Avenue in the Town of Johnston. The plaintiffs' property abuts the property of the defendant, Daniel Mansolillo ("defendant"). The defendant is the owner of property located on Pezzi Street in the Town of Johnston identified as Lots 304 and 305 on Assessor's Plat 35. Plaintiffs are aggrieved by a decision of defendant Zoning Board of Review of the Town of Johnston.
In December, 1989, the Pezzas, defendant's predecessors in interest, filed an application with the Johnston Town Council ("Council") to rezone certain property designated as Lots 23 and 211 on Assessor's Plat 35. The Pezzas requested that the area be rezoned from R-15, which requires 15,000 square feet to be buildable, to R-7, which requires 7000 square feet to be buildable. On December 11, 1989, the Council heard the Pezzas' application and granted the zone change. In response to opposition by neighboring property owners, the Council stipulated that only five houses could be built on the rezoned land. See
Johnston Town Ordinance #799. The two lots were subsequently subdivided into seven lots.
In July 1992 the defendant purchased lots 304 and 305 on Assessor's Plat 35 and applied to the building inspector for building permits for those lots. The building inspector denied defendant's request for permits on the ground that five houses had already been built on the rezoned property. There is no evidence in the record that defendant's property would otherwise have been unbuildable in an R-7 zone. On July 31, 1992 the defendant filed an application with the zoning board for review of the building inspector's denial under Article 2 section 7 of the Johnston Zoning Ordinance.
On August 27, 1992 and September 24, 1992 the appeal was heard before the Board. Both parties were represented by counsel and presented evidence. Plaintiffs were the sole objectors to the issuance of the permits. The defendant presented residents of Pezzi Street who favored the granting of the permits. On September 24, 1992, the Board issued a decision granting the permits. On October 9, 1992 the plaintiffs filed a complaint appealing the decision of the Board. This court granted plaintiffs' motion to stay the issuance of the building permits pending the outcome of this appeal.
The jurisdiction of this Court to review the decision of the Board is controlled by G.L. 1956 (1991 Reenactment) § 45-24-20(d) which provides as follows:
 STANDARD OF REVIEW
 42-35-15. Judicial review of contested cases.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the Board's decision was supported by substantial evidence in the whole record."Apostolou v. Genovesi, 120 R.I. 501, 388 A.2d 821 (1978). Substantial evidence has been defined innumerable times as more than a scintilla but less than a preponderance. Id. at 508, 388 A.2d at 825. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. at 508, 388 A.2d at 826.
On appeal, the plaintiffs argue that the Board exceeded its authority by reversing the decision of the building inspector, and, in effect, overturning the council's decision to rezone the area subject to the five house limitation. The defendant contends that review of the building inspector's decision is within the authority of the Board and the Board did not exceed such authority in this case.
The Johnston Home Rule Charter provides the Council with the power "[t]o enact and amend, as prescribed by statute, the Zoning Ordinance." Johnston Home Rule Charter, Art. III, § 8(12). The Council is guided by the General Laws which provide the Council with the statutory authority to enact zoning ordinances for the purpose of promoting the public health, safety, and welfare. G.L. 1956 (1991 Reenactment) § 45-24-1. The power to rezone, likewise, rests with the council. Arc-Lan Co v. Zoning Board of Review ofthe Town of North Providence, 106 R.I. 474, 261 A.2d 280, 282 (1970).
In contrast, the Board is without jurisdiction to amend a zoning ordinance. Charles Land Co. v. Zoning Board of Review ofProvidence, 99 R.I. 161, 206 A.2d 453, 455 (1965). The zoning board is possessed of those powers assigned to it by statute.Hassell v. Zoning Board of Review, 108 R.I. 349, 275 A.2d 646, 648 (1971). Such powers include the review of appeals from decisions of the building inspector and the granting of variances and special exceptions from zoning ordinances.
In addressing the plaintiffs' contention that the Board has acted beyond its legislative mandate, this court is compelled to point out that it is clear from the record that both parties have misconstrued the Board's role in this case. This is not an application for a special exception or a variance, as is suggested by the parties. The defendant brought this case before the Board as an appeal from a decision of the building inspector under Article II, section 7 of the Johnston Zoning Ordinance. This court will, in appropriate cases involving applications before administrative boards, look at the substance of the application to determine the precise relief sought by the applicant. Slawson v. Zoning Board of Review of the Town ofBarrington, 100 R.I. 485, 491, 217 A.2d 92 (1966). An appeal from a decision of the building inspector is distinct from an application for a variance or a special exception. This distinction is clarified by reference to Article III section 7 of the Johnston Zoning Ordinance which provides that only three votes are necessary to reverse the building inspector while four votes are needed to grant a variance or an exception.
The defendant argues that the Board utilized the special exception standard in its findings of law and should therefore be reversed. This court is mindful that pursuant to the Johnston Zoning Ordinance a special exception is not specifically designated for the subject property and is clearly not warranted with respect to the property which complies with the zoning requirements for an R-7 zone. However, the Board's findings are not fatal to the defendant's application. Lincourt v. ZoningBoard of Review, 98 R.I. 105 [98 R.I. 305], 201 A.2d 482 (1964). Where there is ample evidence in the record from which this Court can discern the reasons for the board's decision this court may uphold a valid decision despite the board's general findings. Richards v.Zoning Board of Review of Providence, 100 R.I. 212,213 A.2d 814, 818 (1965). This is not to say that this court will search the record for supporting evidence or decide the case for itself under such circumstances. See Irish Partnership v. Rommel,518 A.2d 356, 359 (R.I. 1986).
It is clear from the record, that the board viewed this as an appeal from a decision of a building inspector. The board noted that the defendant sought a building permit to build a single family residence on a lot in excess of 7,000 square feet in an R-7 zone. The defendant accordingly did not need a deviation from any of the requirements of an R-7 zone. Essentially, the defendant seeks a building permit for a use permitted in an R-7 zone. Accordingly, there is substantial evidence in the record to support the board's decision to reverse the decision of building inspector.
Finally, the plaintiffs argue that the property was illegally subdivided and that only five building permits may be issued for the seven lots. This argument is without merit. A town council may not incorporate into zoning law any provision which governs the subdivision of land. Kane v. Zoning Board of Review of EastGreenwich, 97 R.I. 152, 196 A.2d 421, 423 (1964). The property has been subdivided into seven R-7 buildable lots. The town council may not attempt to negate this subdivision by arbitrarily denying building permits for two buildable lots. Johnson WalesCollege v. DiPrete, 448 A.2d 1271, 1280 (R.I. 1982). Had the town council wanted to limit future use of the property to five houses in the area it could have rezoned the area to R-10 which would have required 10,000 square feet upon which to build.
For the foregoing reasons, this court finds, after a review of the whole record, that the decision of the Board was based on the substantial evidence before it. The court further finds that the Board's decision is not clearly erroneous in view of the reliable, probative, substantial evidence contained in the record; it is not arbitrary or capricious, and it is not characterized by any abuse of the Board's discretion. Accordingly, the decision of the Board is affirmed.
Counsel shall prepare and submit an appropriate judgment for entry.