DECISION
Before the court is an appeal from a decision of the Zoning Board of Review for the city of Cranston (the Board). Sea View Realty Corporation (Sea View) appeals the Board's decision to deny Sea View a variance. Jurisdiction is pursuant to R.I.G.L. 1956 § 45-24-69.
I
The property in question is located at 8 Aborne Street, in the city of Cranston, and is identified as Lot 28 on Assessor's Plat #1. The lot contains a two-story building and is in a district zoned for commercial use only. For many years, the second floor of the building has been used for residential purposes. This use existed at the time Cranston's zoning ordinance was adopted and therefore remains legal. The first floor, however, had been used for commercial purposes, which continued until 1992, when Sea View began to rent it as a residential apartment. In 1993, the Cranston Department of Inspections notified Sea View that the residential use of the first floor was in violation of Cranston Zoning Ordinance 30-15, which prohibits such a use in a commercial zone.
After receiving a summons to appear before the Cranston Municipal Court in March of 1994, Sea View filed an application for a variance with the Zoning Board. Sea View requested relief from section 30-15 of the Cranston zoning ordinance, which prohibits residential apartments in a commercial district.
At the hearing, Sea View requested that the present use of the building as a two-family residence be allowed to continue because the first floor could no longer be rented as commercial space due to changes in the character of the neighborhood. Two witnesses appeared before the Board in support of the variance. Raymond Mooney, general manager of Sea View, testified as to the circumstances surrounding the changing use of the property. Mr. Mooney explained that Sea View had experienced difficulty renting the first floor to commercial tenants because the end of Aborne Street suffered from a lack of traffic and was not visible from the nearby major roads. (Tr. at 5.) Furthermore, although Sea View had a number of different commercial tenants, Mr. Mooney testified that they had "a problem renting the property long term," which resulted in "a lot of vacancies." (Tr. at 4-5.) Sea View therefore contended that "the only viable use . . . for this property is to rent it as an apartment." (Tr. at 5.)
Alex Scungio, a registered land surveyor, testified that he had completed a study of the area in connection with the variance application. Mr. Scungio testified as to the general character of the street, and agreed with Sea View's attorney that the "area is a mixed use of business and residences." (Tr. at 11.) Mr. Scungio also testified that the immediate area surrounding Sea View's building was "more residential." (Tr. at 11). There was no further discussion at the Board meeting regarding the existing "mixed use" of businesses and residences within an area zoned solely for commercial purposes.
The Board voted four to one to deny Sea View's application and filed a written decision on May 16, 1994. The instant appeal timely followed. Essentially, Sea View contends that the variance should be granted because the testimony at the hearing established that the commercial zoning leaves the property without any economically beneficial use.
II
Superior Court review of a zoning board decision is controlled by R.I.G.L. 1956 § 45-24-69 (D), which provides:
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a zoning board decision, a Superior Court trial justice may not substitute his or her own judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). Substantial evidence in this context has been construed as "more than a scintilla but less than a preponderance." Caswell v.George Sherman Sand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981).
Sea View first argues that the Board applied the wrong standards in considering the evidence presented at the hearing. The Board's written decision denying the application includes the following findings:
 1) That the granting of the application would substantially injure the appropriate use of the property.
 2) That the granting of the application would not be in harmony with the character the neighborhood or appropriate to the uses of the buildings in that district; and
 3) That there was not evidence of any undue hardship relative to the lot in question.
Sea View challenges this language, contending that the Board applied the wrong standard by examining "the appropriate use of the building" and requiring evidence of an "undue hardship." Sea View asserts that the Board's decision is erroneous under R.I.G.L. 1956 § 45-24-41, which provides the applicable standard to be used by a zoning board when considering a variance. That section provides in pertinent part:
 (C) In granting a variance, the zoning board of review shall require that the evidence to the satisfaction of the following standards be entered into the record of the proceedings:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the surrounding area; and not due to a physical or economic disability of the applicant;
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief granted is the least relief necessary.
 (D) The zoning board of review shall, in addition to the above standards, require that the evidence be entered into the record of the proceedings showing that: (1) in granting a use variance the subject land or structure cannot yield any beneficial use if it is required to conform to the provisions of the zoning ordinance.
A review of the record indicates that the legal standards used by the Board are not clearly erroneous. Section 45-24-41
(C)(3) requires that before allowing a variance a zoning board enter into the record evidence that "the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance." The language of a zoning ordinance represents a declaration of the public interest, and must be given a "reasonable interpretation." See Coderre v. Zoning Board ofReview of the City of Pawtucket, 105 R.I. 266, 272-73,251 A.2d 397, 401 (1969) (citing Heffernan v. Zoning Board of Review, 50 R.I. 29 [50 R.I. 26], 144 A. 674 (1929)). The Board's finding that approving Sea View's application "would substantially injure the appropriate use of the building" and "would not be in harmony with the character of the neighborhood" therefore is not erroneous.
The Board's final finding, that there was no evidence of an "undue hardship" presented at the hearing, is consistent with § 45-24-41 (D), which requires that the evidence establish that no beneficial use can be made of the property. Although the Board used the term "undue" rather than "unnecessary" hardship, with respect to hardship, the petitioners must show that "all
beneficial use has been lost and the grant of a variance becomes necessary to avoid an indirect confiscation." Rhode IslandHospital Trust National Bank v. East Providence Zoning Board ofReview, 444 A.2d 862 (R.I. 1982). "Unnecessary hardship exists when literal application of the zoning ordinance completely deprives an owner of all beneficial use of his property. . . ."Almeida v. Zoning Board of Review of the Town of Tiverton,606 A.2d 1318 (R.I. 1992). The record clearly indicates that Sea View did not meet this standard before the Board.
Sea View also argues that the evidence presented at the hearing establishes that the property is without any beneficial use when commercially zoned. In order to obtain a use variance an applicant must demonstrate to the board that literal application of the zoning ordinance would completely deprive the landowner of all beneficial use of his or her property. Almeida, 606 A.2d at 1320. Furthermore, an applicant may not rely on bald assertions of economic hardship, but must present truly probative evidence to the zoning board, such as cost data or financial statements.Gaglione v. DiMuro, 478 A.2d 573, 576 (R.I. 1984). A "mere showing of a more profitable use that would result in a financial hardship if denied" does not satisfy the requirements for obtaining a use variance. Rhode Island Hospital Trust NationalBank, 444 A.2d at 864.
The record shows that Sea View failed to meet its burden of proof before the Board. Both witnesses failed to present any probative evidence that application of commercial zoning to the property would deprive Sea View of any beneficial use. No financial information of any kind was presented to the Board, nor did either witness offer any testimony regarding actual costs or financial losses experienced by Sea View. "[S]tatements of economic unfeasibility that are mere conclusions and are unsupported by financial statements or cost data do not constitute probative evidence." Gaglione, 478 A.2d at 576. Without additional cost or financial data, "a naked assertion of economic unfeasibility is meaningless." Id. Mr. Mooney, general manager of Sea View, testified only that the nature of the surrounding area made it difficult for Sea View to keep commercial tenants in the first floor "for the long term." (Tr. at 4.) Other than claiming that, in his own opinion, the only viable use for the property would be to rent it as an apartment, Mr. Mooney did not assert that Sea View was unable to earn a return on the property. (Tr. at 5.) The second witness, Mr. Scungio, testifying to the general character of the neighborhood, likewise did not offer any probative evidence of economic loss. Mr. Scungio agreed that the area is a "mixed use of business and residences," suggesting that commercial use is indeed viable in the immediate area. (Tr. at 11.) The Board's finding "that there was not evidence of any undue hardship regarding the lot in question" is supported by the evidence of record. It is well-settled that a zoning board "is without jurisdiction to amend the provisions of the zoning ordinance in the guise of granting a variance or exception." Charles Land Co. v. ZoningBoard of Review of the City of Providence, 99 R.I. 161, 166,206 A.2d 453, 456 (1965).
III
After a thorough review of the entire record, this court finds that Sea View failed to present sufficient probative evidence to the Board that the property as currently zoned is without any beneficial use. The decision of the Board is supported by the probative evidence of record, and no substantial rights of the appellant have been prejudiced. Accordingly, the Board's decision of May 16, 1994, to deny the application for a variance is hereby affirmed.
Counsel shall prepare an appropriate judgment for entry.