Howard T. Hogan, J.
Petitioner, owner of a vacant parcel of land in the village of Freeport, brings a proceeding pursuant to article 78 of the Civil Practice Act to review the refusal of the building inspector to issue a permit for the erection of a one-family dwelling on said land and to review the denial by the Board of Zoning Appeals of his application for a variance from the minimum lot area required by the zoning ordinance of the village.
It appears that the subject property is 40 feet wide and 80 feet deep, that petitioner’s predecessor contracted to purchase it on installment payments in 1930, acquired the title on December 2, 1933, and held it at all times thereafter in single, separate ownership until she sold it to petitioner in 1956. Petitioner himself at no time owned any abutting property.
*82 On March 8, 1933, after petitioner’s predecessor had become the equitable owner, the village adopted an amended zoning ordinance which placed this property in a Residence “ A ” District. Section 15 thereof fixed the minimum area requirement for each family in such district at 5,000 square feet. It provided that the Board of Appeals could modify this requirement as it affected property separately owned at the time of its enactment. This provision was twice amended to provide in effect that no such variance could be granted for a parcel unless its area was at least 75% of the aforesaid minimum area requirement of 5,000 feet. Petitioner’s property, having an area of only 3,200 square feet, could not comply with this provision which excluded all lots with areas of less than 3,750 square feet.
This application for a variance was refused on the grounds that such use of the lot would substantially depreciate the value of other property and would appreciably alter the essential character of the neighborhood, and further, that he could not meet the minimum area requirements of section 15 of the ordinance.
Apparently the board felt that its power to vary the provisions of the ordinance had been limited by the enactment of the “75% rule ” by the legislative action of the Village Board of Trustees. The court must disagree with this position. Boards of appeals owe their existence to an act of the Legislature of the State of New York (Village Law, § 179-b). The statute which creates such bodies provides that (subd. 5) : “ Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such [zoning] ordinance, the hoard of appeals shall have the power in passing upon appeals, to.vary or modify the application, of any of the regulations or provisions of such ordinance relating to the use, construction or alteration of buildings or structures, or the use of land, so that the spirit, of the ordinance shall be observed, public safety and welfare secured and substantial justice done.” (Italics supplied.)
This is a legislative grant or delegation of power which can only be modified by the Legislature of the State of New York. No ordinance adopted by a village board may limit or abridge this power. Where practical difficulties or unnecessary hardship is present, the Board of Appeals is not bound by such a condition as this Village Board sought to impose.
Unquestionably, however, a board of appeals may, in a proper-case, determine that a plot is too small or too irregular in shape to be used for a particular purpose, and that the public interest requires that such use be forbidden. But the result of such *83 determination, if no other reasonable use for the property remains, is a taking of private property for a public use. This court has had occasion to point out recently in Matter of Long Is. Land Research Bur. v. Young (N. Y. L. J., Jan. 15, 1957, p. 13, col. 3), that such a taking carries with it the obligation to compensate the owner for his loss. The rule applicable to both cases has been stated by the Court of Appeals in Arverne Bay Const. Co. v. Thatcher (278 N. Y. 222, 232) as follows: “ An ordinance which permanently so restricts the use of property that it cannot be used for any reasonable purpose goes, it is plain, beyond regulation, and must be recognized as a taking of the property. The only substantial difference, in such case, between restriction and actual taking, is that the restriction leaves the owner subject to the burden of payment of taxation, Avhile outright confiscation would relieve him of that burden.” The record of the proceeding before this respondent Board of Appeals indicates that at least one parcel in the neighborhood having exactly the same dimensions as petitioner’s has been improved with a one-family dwelling since the ordinance Avas amended. Under the circumstances, and particularly since petitioner has bound himself to comply with all the other provisions of the zoning ordinance, the decision of the Board of Appeals appears to be arbitrary. While such a use may have an adverse effect upon the neighboring properties, this alone is not sufficient ground for denying to a property OAvner any reasonable use of his property. The situation has been created by the enactment of the zoning ordinance in question and not by the OAvner of the land. The petition, therefore, is sustained and the respondent building inspector is directed to issue a permit upon condition that petitioner complies with all the other provisions of the ordinance.