EDMOND C. LINCOURT *et al. vs.* ZONING BOARD OF REVIEW
OF THE CITY OF WARWICK.

JUNE 17, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

Powers, J. This petition for certiorari seeks to review a decision of the Warwick zoning board of review, hereinafter called the board, granting a variance from the terms of the ordinance, and prays that its decision be reversed. We issued the writ and in response to its mandate the board duly certified the pertinent records to this court for our examination.

It appears therefrom that Alfred G. and Adeline R. Guenet, hereinafter called the applicants, are the owners of two parcels of land in the city of Warwick located in a residence A 7 district. The lots, designated as 853 and 854 on assessor's plat 360, contain a total of 15,000 square feet, each lot measuring 75 by 100 feet. They are contiguous and for all practical purposes constitute a single parcel abutted on the south for a distance of 150 feet by a 50-foot private right of way and running northerly 100 feet in depth from said right of way.

It further appears that the land of the applicants and that of petitioners was at one time the property of Herbert A. Wilcox who, in conveying to their predecessors in title, provided for such right of way referring to it as a proposed

street. It runs easterly from Manning street and abuts the applicants' property on the south. Directly across Manning street is a public highway, namely, Brush Neck avenue. In their brief the applicants refer to this 50-foot right of way as an intended extension of Brush Neck avenue. They do not contend, however, that it is a street in the sense that it was ever accepted as such by the city.

There is evidence, however, that gas, electric and telephone facilities extend into this right of way and that water service is available. Except for this easement the applicants' property is completely landlocked.

It is provided by sec. 3.6 of the ordinance that "No dwelling shall be erected on a lot which does not abut a public street for at least 50 feet." Being desirous of building a one-family dwelling on lots 853 and 854 although they do not abut on a public street, the applicants applied to the board for relief. The application filed by them seeks an "exception or a variation," but makes no reference to any specific provision of the ordinance on the authority of which they sought relief. It sets forth as a reason, "Want to build a house but there is no street frontage."

Notice of the pending application was duly given and the hearing was held on December 10, 1963, which after some testimony was offered was continued to January 14, 1964. Testimony was received from applicant Alfred G. Guenet, his attorney and two others in support of the application. In addition several maps and deeds were added to the evidence.

The petitioner Edmond C. Lincourt and one other were heard in opposition. They testified that the city records did not show the right of way to be a public street and Lincourt contended that the applicants should purchase property abutting them to the north and fronting on Wood street, so as to comply with the terms of the ordinance. He and a Ralph E. Walsh insisted that the 50-foot strip was not an

extension of Brush Neck avenue and never had been recognized by the city as such.

Stanley and Mary Sands of 81 Brush Neck avenue were represented at the hearing by an attorney who testified in support of the application that there were public utility facilities on the right of way and that the city had plowed it that day. A map of assessor's plat 360 discloses that the Sands' property abuts the easterly line of Manning street and the southerly line of the right of way. Thus it would appear that their house fronts on the right of way since, as their attorney testified, they receive their mail, including tax bills from the city, at 81 Brush Neck avenue. He advised the board that he was authorized by his clients to urge favorable consideration of the applicants' request.

After considering the evidence before it, the board granted the application stating in its decision, "Whereas to deny this petition would deprive the petitioner of the full and beneficial use of his land; therefore, be it resolved that this petition be granted on that ground."

The petitioners contend that the decision of the board is illegal and void for the reasons that it was without authority to grant an exception; that the applicants did not meet the requirements of the zoning ordinance so as to justify the grant of a variance; and/or that, in the circumstances, the board was without jurisdiction to grant a variance in any event.

They predicated their first objection on the ground that the application makes no reference to any specific provision of the ordinance and must therefore be treated as an application for a variance, citing *Caldarone v. Zoning Board of Review,* 74 R. I. 196, and later cases. Their contention in this regard undoubtedly states the correct rule of law. It is clear from the language employed by the board, however, that it considered the application as one for the grant of a variance and its decision is to be justified as such if at all.

However, petitioners argue, the evidence adduced by applicants fails to meet the test set forth in the zoning ordinance when recourse is had to the board for a variance. They quote the language of the ordinance in support of their argument and point out wherein the applicants' evidence was insufficient and incompetent when applied to such provisions.

This argument, however, fails to take into consideration the clear holding of this court in *Mello v. Board of Review*, 94 R. I. 43, 177 A.2d 533, wherein we stated that the jurisdiction of boards of review to grant variances in specific cases is derived from the enabling act, G. L. 1956, §45-24-19c, and that the jurisdiction thereby conferred can neither be expanded nor diminished by the terms of an ordinance. If an ordinance in providing for a variance merely restates the terms of the enabling act, such restatement is surplusage. On the other hand, if it purports to authorize something more or something less, it is a nullity. Indeed, the basis for the rule in *Caldarone v. Zoning Board of Review*, *supra*, is that when an application for an exception or variance is not addressed to a specific provision of the ordinance authorizing exceptions, it is to be considered as an appeal to the board for the exercise of jurisdiction conferred by §45-24-19c.

The petitioners contend that the board in the instant case was without jurisdiction to grant a variance inasmuch as the ordinance prohibits the building of a dwelling on a lot in any residential district which does not front on a public street for a minimum distance of 50 feet.

We are not at all certain that the negative language of sec. 3.6 of the ordinance affirmatively requires that every dwelling shall abut a public street. The language just as readily lends itself to an interpretation that the intendment of the section was to provide for a minimum of fifty feet, since dwellings ordinarily are erected on lots which abut

public streets. Assuming, however, that the interpretation placed on the applicable section by petitioners is correct, their contention is without merit.

They rely on *Carey v. Cassidy,* 81 R. I. 411, which is readily distinguishable from the case at bar. There the respondents had been granted permission by the Newport board of review to convert a barn into a four-family apartment house. The Newport ordinance authorized a special exception for the construction of multiple housing accommodations in the district wherein the respondents' property was located. The number of such accommodations, however, was limited by the area of the lot. The respondents' land area was less than that which was required for the four family units proposed to be constructed. The complainants sought injunctive relief in equity which, in effect, was denied by the sustaining of the respondents' demurrer. On appeal this court held such decision to be error, since in granting an exception contrary to the requirements of the ordinance the board exceeded its jurisdiction.

In the instant case, however, the applicants were seeking to make a use of their property specifically authorized by the ordinance, but were unable to comply with the condition of a 50-foot frontage. A variance is designed as an escape hatch from the literal terms of an ordinance which, if strictly applied, would deny a property owner all beneficial use of his land and thus amount to confiscation.

The circumstances here present, although not identical, are similar to those in *Denton v. Zoning Board of Review,* 86 R. I. 219. There, the petitioners were the owners of property zoned AA residence which, by the terms of the ordinance, called for a minimum lot area of 40,000 square feet for a single-family dwelling. The subject property was 23,011 square feet. In reversing the decision of the board which denied the petitioners' application for an exception or variance, we stated at page 221: "Where it is shown that

such deprivation would follow a literal enforcement of the ordinance and it does not appear that the interest of the public would be thereby violated, it is the duty of these boards to so exercise their discretion as to avoid confiscation." See also *Kane v. Zoning Board of Review*, 97 R. I. 152, 196 A.2d 421.

Even so, the instant petitioners argue, the decision of the board was unlawful for the reasons that the applicants failed to prove that the relief granted would not be contrary to the public interest, and that the board was not justified in finding hardship when it determined that a denial of the application would deprive the applicants of "the full and beneficial use of his land," citing a number of cases wherein we have held that hardship results from a loss of *all beneficial use.*

The short answer to petitioners' first argument is that the applicants were seeking to devote their property to a permitted use.

Their second argument is likewise without merit. Although it is desirable that a board of review should, in stating its decision, adhere to the language employed by the statute, ordinance or opinions of this court, failure to do so will not be fatal when it is clear that the decision, even though it states the applicable standard in loose rather than exact language, is supported by the evidence. See *Durfee v. Zoning Board of Review*, 94 R. I. 316, 180 A.2d 452.

We hold therefore that, in the instant case, the board was vested with jurisdiction to grant the relief sought and in the light of the evidence of record its decision does not constitute an abuse of discretion.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records in the case are ordered returned to the respondent board with our decision endorsed thereon.

*A. Norman LaSalle,* for petitioners.

*James R. Morriss,* City Solicitor, *Howard R. Haronian,* Assistant City Solicitor, for respondent board.

*William J. McGair, Joseph G. Miller,* for Alfred G. Guenet and Adeline R. Guenet, amici curiae.