## 19485

William C. HOLLER, individually, and as representative of a class herein referred to as homeowners in the Seven-Oaks Area of Lexington County, Respondent, v. John D. ELLISOR, Zoning Administrator for the Seven-Oaks Area of Lexington County, The Zoning Board of Adjustment for the Seven-Oaks Area, John J. Barker, Ryan Chaplin and Jacob P. Hendrix, County Auditor for Lexington County, of which John J. Barker is, Appellant.

(191 S. E. (2d) 509)

*Michael W. Tighe, Esq.,* of *Callison & Tighe,* Columbia, *for Appellant,*

*Ralph G. Moffat, Jr., Esq.,* of Lexington, *for Respondent,*

*Michael W. Tighe, Esq.,* of *Callison & Tighe,* Columbia, *for Appellant, in Reply.*

September 13, 1972.

Bussey, Justice:

Pursuant to the provisions of Act No. 487 of the Acts of the General Assembly for 1967, 55 Stat. 863, the governing authority of Lexington County created a zoning district known as Seven-Oaks Area and adopted therefor a zoning ordinance. The pertinent provisions of the aforesaid Act, with which we are immediately concerned, are presently contained in the 1971 cumulative supplement to the 1962 Code and designated as Secs. 14-350.16, *et seq.*

The appellant Barker is the holder of an option to purchase two tracts of land containing in the aggregate approximately twelve acres, located within a residential district (R) of Seven-Oaks Area. On July 28, 1971, he applied for a permit to build upon said property a group of apartments. His application was denied and thereafter he applied to the Zoning Board of Adjustment for a special exception permitting him to construct multi-family housing. The Board, after a hearing, by a three-two vote granted the special exception requested by Barker. The respondent Holler appealed the decision to the Court of Common Pleas and the appeal here is from an order of that court reversing the decision of the Board.

The Seven-Oaks Area zoning ordinance makes provision for special exceptions being granted by the Board of Adjustment in numerous instances and under specified circumstances and conditions. The cardinal question on this appeal, and the only one we need to decide, is whether or not the grant of such power to the Board by the ordinance exceeds the powers authorized under the enabling statute. The powers which the particular Board may validly exercise are prescribed by Sec. 14-350.19, 1971 Code Supplement. Reference thereto will show that the Board has the power to hear and decide appeals in cases of asserted error and the power to authorize variances in cases of "unnecessary hardship" under certain circumstances therein prescribed, but there is no provision authorizing the Board to grant "special exceptions".

By contrast, the General Assembly, in the year 1924, 33 Stat. 1066, authorized the adoption of zoning ordinances by municipalities. The authorized powers of a Board of Adjustment for a municipality are set forth in Sec. 47-1009 of the 1962 Code, and it is specifically provided that such Boards have the power "To hear and decide special exceptions to the terms of any ordinance upon which such board is required to pass under such ordinance;". As early as 1942, the General Assembly gave attention to county plan-

ning and zoning, authorizing the adoption of zoning ordinances, zoning boards of adjustment, etc., in certain counties. The powers of such county boards of adjustment are set forth in Sec. 14-375 of the 1962 Code and reference thereto will show that the power to hear and decide "special exceptions" is not included. It thus will be seen that from the inception the General Assembly has seen fit with respect to municipal boards of adjustment to clothe such with the power to hear and decide "special exceptions". In repeatedly considering county boards of adjustment, however, it has consistently omitted to authorize such power to a county or area board of adjustment. Such consistent omission, we think is quite significant. *Cf. South Carolina Highway Dept. v. Southern Ry. Co.,* 239 S. C. 1, 121 S. E. (2d) 236.

We quote the following pertinent language from 101 C. J. S. Zoning § 17 p. 713:

"Zoning enactments, regulations, and restrictions may not override state law and policy. They must be within the general limitations on the exercise of municipal powers, and they are subject to, and must be within, the limitations and restrictions prescribed by the enabling act authorizing them, or imposed by other legislation.

"Such enactments and regulations must rest primarily on the enabling act authorizing them and they must not go beyond the power delegated thereby. In order to be valid, they must be authorized by the enabling act, at least, where they are enacted pursuant to the authority conferred by such act, and they can be no broader than the statutory grant of power, * * *."

The lower court, we conclude, was clearly correct in holding that the provisions of the ordinance authorizing the Board to hear, decide and grant special exceptions to the ordinance exceed the powers authorized under the enabling statute and are accordingly, invalid. Our conclusion in this respect renders it unnecessary for us to

discuss or decide the only other question raised on appeal, to wit: What standing, if any, did the appellant Barker, an optionee, have to seek a special exception, or pursue administrative relief under the ordinance?

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.