20399

Phyllis G. BOSTIC et al., Respondents, v. The CITY OF WEST COLUMBIA, South Carolina, and the Zoning Board of Adjustment of the City of West Columbia, South Carolina, Appellants.

(234 S. E. (2d) 224)

*Messrs. Jack R. Callison,* of West Columbia, and *James Randall Davis,* of *Long, Barfield, Bouknight, Nicholson and Davis,* Lexington, *for Appellants,*

*Messrs. Melton Kligman,* of *Kligman & Fleming* and *Ben T. DeBerry,* of *Rentz and DeBerry,* Columbia, and *David C. Bryan, Jr.,* of *Bryan, Crosby and Bates,* West Columbia, *for Respondents,*

April 13, 1977.

NESS, Justice:

Respondents applied to the Appellant Zoning Board of Adjustment for the City of West Columbia requesting a use variance from multi-family zoning to light industrial zoning. The Board refused to consider the application on the grounds that the relief requested was beyond the Board's authority.

The trial court found the Board had jurisdiction to consider the use variance and remanded the case for a determination of the application on its merits. We affirm.

Pursuant to statutory enabling authority, the City of West Columbia adopted a Zoning Ordinance and created the Zoning Board of Adjustment. The pertinent portion of Section 13-2.36 of the City's Zoning Ordinance relied on by the Board to refuse to hear the application provides:

"With respect to uses of land, buildings and other structures, this ordinance is declared to be a definition of the public interest by City Council, and the spirit of this ordinance will not be observed by any variance which permits a use not generally or by special exception permitted in the district involved or any use expressly or by implication prohibited by the terms of this ordinance in said district. Therefore, under no circumstances shall the Board of Adjustment grant a variance to permit a use not generally or by specific exception permitted in the district involved, or any use expressly or by implication prohibited by the terms of this ordinance in said district."

The legislative enabling authority includes Section 47-1009, Code of Laws, 1962, which provides in part:

"*General powers of board.*—The board of adjustment *shall have* the following powers:

* * *

"(3) To authorize upon appeal in specific cases such variance from the terms of *any ordinance* as will not be contrary to the public interest when, owing to special conditions, a literal enforcement of the provisions of such ordinance will result in unnecessary hardship and so that the spirit of such ordinance shall be observed and substantial justice done." (Emphasis added.)

The enabling design requires the Board's consideration of a variance from the terms of "any ordinance" provided the variance does not impede public interest.

By defining "public interest" the City's Zoning Ordinance attempts to circumvent the legislative directives by divesting the Board of its statutory discretion. Zoning ordinances may not override state law and policy; enabling legislation is not merely precatory, but prescribes the parameters of conferred authority. *Holler v. Ellisor*, 259 S. C. 283, 191 S. E. (2d) 509 (1972); 101 C. J. S. Zoning § 17 p. 713. The Zoning Ordinance is void to the extent that it is repugnant to the general law. *Holler v. Ellisor, supra; Law v. City of Spartanburg*, 148 S. C. 229, 146 S. E. 12 (1928).

We agree with the trial court that the Zoning Board of Adjustment does have the authority to determine use variances pursuant to Section 47-1009, Code of Laws, 1962. We, therefore, affirm the trial court remanding the case to the Board for a hearing on the merits of the application.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.