Gary M. STRANGE, Petitioner-Appellant,

v.

BOARD OF ZONING APPEALS OF SHELBY COUNTY, Respondent-Appellee.

No. 1–481A143.

Court of Appeals of Indiana, First District.

Sept. 22, 1981.

Robert T. Thopy, Matchett & Thopy, Shelbyville, for petitioner-appellant.

Russell J. Sanders, McNeely & Sanders, Shelbyville, for respondent-appellee.

### STATEMENT OF CASE

RATLIFF, Judge.

Gary M. Strange appeals from a judgment of the Shelby Circuit Court upholding the Board of Zoning Appeals of Shelby County's denial of his application for a variance. We affirm.

### FACTS

Strange applied for a variance on October 9, 1979, seeking permission to establish a radio and television sales service shop in a building located on a lot adjacent to his residence which was zoned a residential classification, "R–P," by the Shelby County Zoning Ordinance. The Board refused to hear evidence on Strange's petition and denied the petition because it concluded that it did not have authority under the ordinance to grant the requested variance.

Chapter 13, Section (B)(4) of that ordinance provided that the Board had the power to

"Authorize upon appeal in special cases such variances from the terms of the ordinance as will not be contrary to public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done, except a use which is not specified as a permitted or special use in any district shall not be permitted as a variance."

Record at 77. A radio and television sales and service shop is not one of the permitted or special uses in an "R–P" district under the ordinance.

Strange filed his writ of certiorari with the trial court, and the parties submitted the case on an agreed statement of facts. The court held that the Board properly applied the ordinance in denying the variance. Strange launches his appeal therefrom.

### ISSUE

The issue presented for our review is whether the Shelby County Zoning Ordinance, Chapter 13, Section (B)(4), unlawfully conflicts with the state's enabling statute, Ind.Code 18–7–4–918.

### DISCUSSION AND DECISION

Strange contends that Chapter 13, Section (B)(4) of the Shelby County Zoning Ordinance is invalid because it withholds from the Shelby County Board of Zoning Appeals the authority to grant use variances except those provided for under the ordinance. Strange argues that this provision of the ordinance is in direct conflict with the enabling statute enacted by the legislature at IC 18–7–4–918 (previously Ind.Code 18–7–5–82). We disagree.

Indiana Code 18–7–4–918 which became effective April 6, 1979, sets forth the duties and powers of a board of zoning appeals. While this new section effectively incorporates the powers listed at Ind.Code 18–7–5–82, it contains additional provisions as well. Strange is correct in asserting that under both statutes the board is delegated the power to grant variances from the strict terms of a zoning ordinance. However, the new law also provides that "[n]either the area board of zoning appeals, the county board of zoning appeals, nor the municipal board of zoning appeals may grant a variance from a use district or classification. [IC 18–7–4–918, as added by Acts 1979, P.L.1978, § 125.]" IC 18–7–4–918 (Burns Code Ed., Supp. 1980).

Therefore, the Shelby County Board of Zoning Appeals correctly denied Strange's petition for a use variance which was not authorized by the ordinance, and the Shelby Circuit Court correctly held that the specific provision of the ordinance in question did not conflict with IC 18–7–4–918.

Judgment affirmed.

NEAL, P. J., and ROBERTSON, J., concur.