Gary M. STRANGE, Petitioner-Appellant,

v.

BOARD OF ZONING APPEALS OF
SHELBY COUNTY,
Respondent-Appellee.

No. 1–481A143.

Court of Appeals of Indiana,
First District.

Dec. 14, 1981.

Robert T. Thopy, Matchett & Thopy, Shelbyville, for petitioner-appellant.

Russell J. Sanders, III, McNeely & Sanders, Shelbyville, for respondent-appellee.

William F. LeMond, LeMond, Carson, Yockey, Pehler & Caplin Associates, Philip A. Nicely, Bose, McKinney & Evans, Indianapolis, Jack W. Lawson, Dunten, Beckman, Lawson & Snyder, Fort Wayne, Robert J. Hepler, Hartzog, Barker, Helper & Saunders, Goshen, for amicus curiae Indiana State Bar Association.

RATLIFF, Judge.

### ON PETITION FOR REHEARING

Strange contends that our decision handed down in this case on September 22, 1981, found at 425 N.E.2d 720, is erroneous. Upon a closer reading of the statute we agree. Therefore, we vacate our earlier opinion and grant Strange's Petition for Rehearing in order to issue a new opinion.

### STATEMENT OF CASE

Gary M. Strange appeals from a judgment of the Shelby Circuit Court upholding the Shelby County's Board of Zoning Appeals' denial of his application for a variance. We reverse.

### FACTS

Strange applied for a variance on October 9, 1979, seeking permission to establish a

radio and television sales service shop in a building located on a lot adjacent to his residence which lot was zoned a residential classification, "R–P," by the Shelby County Zoning Ordinance. The Board refused to hear evidence on Strange's petition and denied the petition because it concluded that it did not have authority under the ordinance to grant the requested variance. Chapter 13, Section (B)(4) of that ordinance provided that the Board had the power to

> "Authorize upon appeal in special cases such variances from the terms of the ordinance as will not be contrary to public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done, except a use which is not specified as a permitted or special use in any district shall not be permitted as a variance."

Record at 77. A radio and television sales and service shop is not one of the permitted or special uses in an "R–P" district under the ordinance.

Strange filed his writ of certiorari with the trial court, and the parties submitted the case on an agreed statement of facts. The court held that the Board properly applied the ordinance in denying the variance. Strange launches his appeal therefrom.

## ISSUE

■ The issue presented for our review is whether the Shelby County Zoning Ordinance, Chapter 13, Section (B)(4), unlawfully conflicts with the state's enabling statute, Ind.Code 18–7–4–918.

## DISCUSSION AND DECISION

Strange contends that Chapter 13, Section (B)(4) of the Shelby County Zoning Ordinance is invalid because it withholds from the Shelby County Board of Zoning Appeals the authority to grant use variances except those provided for under the ordinance. Strange argues that this provision of the ordinance is in direct conflict with the enabling statute enacted by the legislature at IC 18–7–4–918(c) (previously Ind. Code 18–7–5–82) and therefore is void.

Indiana Code 18–7–4–918, which became effective April 6, 1979, sets forth the duties and powers of boards of zoning appeals functioning under both the advisory planning law and the area planning law:

> "SECTION 125. IC 18–7–4 is amended by adding a NEW section 918 to read as follows: Sec. 918. Board of Zoning Appeals; Duties and Powers. (a) Advisory Planning; Area Planning; Definition. For the purposes of this section, 'zoning ordinance' means any ordinance or regulation adopted under the 600 series of the advisory planning law or of the area planning law.
>
> (b) Advisory Planning; Area Planning. Except as provided in subsection (d) for the area planning law, the board of zoning appeals shall:
>
> (1) hear and determine appeals from and review any order, requirement, decision, or determination made by an administrative official or board charged with the enforcement of a zoning ordinance; and
>
> (a) hear and determine special exceptions to the terms of the zoning ordinance upon which the board of zoning appeals is required to act under the zoning ordinance.
>
> (c) Advisory Planning. The board of zoning appeals shall:
>
> (1) authorize exceptions to the district regulations only in the classes of cases or in particular situations as specified in the zoning ordinance; and
>
> (2) authorize on appeal in specific cases such variance from the terms of the zoning ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the zoning ordinance will result in unnecessary hardship, and so that the spirit of

the zoning ordinance shall be observed and substantial justice done.

The board of zoning appeals may, on appeals, reverse, affirm, or modify the order, requirement, decision, or determination. The board has all the powers of the official or board from whom the appeal is taken.

(d) Area Planning. However, the board of zoning appeals may not have jurisdiction of any petition or appeal involving variances affecting height, bulk, area, floor space of structures, or the area surrounding structures, if there is then in existence a county or municipal board of zoning appeals, organized under the advisory planning law, having jurisdiction over the property in question. All petitions and appeals involving those variances shall be filed with and heard and determined by the appropriate existing county or municipal board of zoning appeals, if any, and if there if none, then by the board of zoning appeals under the area planning law. However, none of those variances may be granted except on a finding and a determination that:

(1) the grant will not be injurious to the public health, safety, morals, and general welfare of the community;

(2) the use or value of the area adjacent to the property included in the variance will not be adversely affected;

(3) the need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zone; and

(4) the strict application of the terms of the zoning ordinance will constitute an unusual and unnecessary hardship as applied to the property for which a variance is sought.

Neither the area board of zoning appeals, the county board of zoning appeals, nor the municipal board of zoning appeals may grant a variance from a use district or classification."

Acts 1979, P.L. 178 § 125 pp. 846–847. Strange is correct in asserting that subsec-

tions (b), (c), and (d) are verbatim combinations and recodifications of Ind.Code 18–7–5–82 (Advisory Planning) and Ind.Code 18–7–4–78 (Area Planning). Therefore, although it would appear that the final statement of IC 18–7–4–918(d) can be read now to be applicable to county and municipal boards of zoning appeals functioning under both the area planning law and advisory planning law, the legislature apparently intended no such extension of application of this section:

"This Act is intended to be a codification and restatement of applicable or corresponding provisions of the laws repealed by this Act. If the Act repeals and replaces a law in the same form or in a restated form, the substantive operation and effect of that law continues uninterrupted."

Acts 1979, P.L. 178 § 165(a) p. 861. Because the last paragraph of subsection (d) does not appear in the prior legislation under the Advisory Planning Act, we shall not now extend its applicability beyond the original enactment.

As authority for his contention that the Shelby County Zoning Ordinance provision conflicts with the enabling statute and therefore should be declared void, Strange cites us to *Bostic v. City of West Columbia*, (1977) 268 S.C. 386, 234 S.E.2d 224. Because it is a short case precisely on point we set out the entire opinion here:

"Respondents applied to the Appellant Zoning Board of Adjustment for the City of West Columbia requesting a use variance from multi-family zoning to light industrial zoning. The Board refused to consider the application on the grounds that the relief requested was beyond the Board's authority. The trial court found the Board had jurisdiction to consider the use variance and remanded the case for a determination of the application on its merits. We affirm.

"Pursuant to statutory enabling authority, the City of West Columbia adopted a Zoning Ordinance and created the

Zoning Board of Adjustment. The pertinent portion of Section 13–2.36 of the City's Zoning Ordinance relied on by the Board to refuse to hear the application provides:

'With respect to uses of land, buildings and other structures, this ordinance is declared to be a definition of the public interest by City Council, and the spirit of this ordinance will not be observed by any variance which permits a use not generally or by special exception permitted in the district involved or any use expressly or by implication prohibited by the terms of this ordinance in said district. Therefore, under no circumstances shall the Board of Adjustment grant a variance to permit a use not generally or by specific exception permitted in the district involved, or any use expressly or by implication prohibited by the terms of this ordinance in said district.'

"The legislative enabling authority includes Section 47–1009, Code of Laws, 1962, which provides in part:

'*General powers of board.*—The board of adjustment *shall have* the following powers:

\* \* \* \* \* \*

'(3) To authorize upon appeal in specific cases such variance from the terms of *any ordinance* as will not be contrary to the public interest when, owing to special conditions, a literal enforcement of the provisions of such ordinance will result in unnecessary hardship and so that the spirit of such ordinance shall be observed and substantial justice done.' (Emphasis added).

"The enabling design requires the Board's consideration of a variance from the terms of 'any ordinance' provided the variance does not impede public interest. By defining 'public interest' the City's Zoning Ordinance attempts to circumvent the legislative directives by divesting the

Board of its statutory discretion. Zoning ordinances may not override state law and policy; enabling legislation is not merely precatory, but prescribes the parameters of conferred authority. *Holler v. Ellisor*, 259 S.C. 283, 191 S.E.2d 509 (1972); 101 C.J.S. Zoning § 17 p. 713. The Zoning Ordinance is void to the extent that it is repugnant to the general law. *Holler v. Ellisor, supra; Law v. City of Spartanburg*, 148 S.C. 229, 146 S.E. 12 (1928).

"We agree with the trial court that the Zoning Board of Adjustment does have the authority to determine use variances pursuant to Section 47–1009, Code of Laws, 1962. We, therefore, affirm the trial court remanding the case to the Board for a hearing on the merits of the application.

AFFIRMED."

234 S.E.2d at 225–26.

Although short on reasoning and authority to support the rule of law it enunciates, *Bostic* does state clearly the universally recognized rule: "Zoning ordinances may not override state law and policy; enabling legislation is not merely precatory, but prescribes the parameters of conferred authority." *Id.* Cases which have attempted to set forth a rationale for the rule seem to rely on essentially two lines of reasoning. One line is based on a theory of constitutionality: In order to be held constitutional, zoning laws must not deprive the owners of private property of the beneficial use thereof without just compensation. Therefore, zoning laws that do not provide a safety-value or escape hatch (variance) from the literal terms of an ordinance which, if strictly applied, would amount to a confiscation of the beneficial use of the property will be found unconstitutional. *Zoning Board of Adjustment v. Koehler*, (1971) 2 Pa.Commw.Ct. 260, 278 A.2d 375; *Lincourt v. Zoning Board of Review*, (1964) 98 R.I. 305, 201 A.2d 482; *Kurowski v. Board of Adjustment of City of Bayonne*, (1951) 11 N.J.Super. 433, 78 A.2d 429; *Somers v. Bor-*

*ough of Bradley Beach,* (1935) 115 N.J.L. 135, 178 A. 755. The constitutionality issue has not been raised in this case. The other line of reasoning rests on what can only be termed a preemption doctrine. This theory holds that the legislature in the enabling act intended to preempt the entire field of legislation with respect to the functions, powers, and authority of zoning boards. Thus, it follows that, any attempt to expand or contract those statutory powers by local governmental entities in an ordinance is ineffective. *Nucholls v. Board of Adjustment,* (1977) Okl., 560 P.2d 556; *Cole v. Board of Zoning Appeals,* (1973) 39 Ohio App.2d 177, 317 N.E.2d 65; *Langer v. Planning & Zoning Commission,* (1972) 163 Conn. 453, 313 A.2d 44; *Deardorf v. Board of Adjustment of Planning & Zoning Commission,* (1962) 254 Iowa 380, 118 N.W.2d 78; *Smith v. Paquin,* (1962) 77 N.J.Super. 138, 185 A.2d 673; *Waldorf v. Coffey,* (1957) 5 Misc.2d 80, 159 N.Y.S.2d 852; *Duffcon Concrete Products v. Borough of Cresskill,* (1949) 1 N.J. 509, 64 A.2d 347.

It is easy under the preemption doctrine to reach the conclusion that the powers conferred by an ordinance upon a zoning board must not exceed those delegated by statute or they will be considered ultra vires. *Bishop v. Board of Zoning Appeals,* (1947) 133 Conn. 614, 53 A.2d 659. Under the same reasoning, however, it is less obvious why those powers may not be somewhat narrowed by the ordinance. Nevertheless, it has been explained that either expansion or contraction of the powers provided by the statute would not enable the board to function in the manner contemplated by the legislature. *Tzeses v. Board of Trustees,* (1952) 22 N.J.Super. 45, 91 A.2d 588; 3 A.H. Rathkopf, the Law of Zoning and Planning § 37.01 (1981). Thus, some courts have held that the powers of the board with respect to granting variances stem directly from the statute, *Tzeses v. Board of Trustees, supra; Duffcon Concrete Products v. Borough of Cresskill, supra,* and that "[i]f an ordinance in providing for a variance merely restates the terms of the enabling act, such restate-

ment is surplusage[; o]n the other hand, if it purports to authorize something more or something less, it is a nullity." *Lincourt v. Zoning Board of Review, supra,* 201 A.2d at 485.

We are compelled to agree with Strange in this case. Literally every jurisdiction which we found to have considered the question holds that a zoning ordinance may not in any way restrict the authority of a board of zoning appeals to grant a variance where the enabling statute endows such board with powers to authorize variances from the terms of any zoning ordinance. *Nelson v. Donaldson,* (1951) 255 Ala. 76, 50 So.2d 244; *Farnsworth v. Town of Windsor,* (1963) 150 Conn. 484, 190 A.2d 915; *Deardorf v. Board of Adjustment of Planning & Zoning Commission,* (1962) 254 Iowa 380, 118 N.W.2d 78; *Franklin Co. v. Webster,* (1966) Ky., 400 S.W.2d 693; *State ex rel. Nigro v. Kansas City,* (1930) 325 Mo. 95, 27 S.W.2d 1030; *St. Onge v. City of Concord,* (1948) 95 N.H. 306, 63 A.2d 221; *Duffcon Concrete Products v. Borough of Cresskill,* (1949) 1 N.J. 509, 64 A.2d 347; *Waldorf v. Coffey,* (1957) 5 Misc.2d 80, 159 N.Y.S.2d 852; *Cole v. Board of Zoning Appeals,* (1973) 39 Ohio App.2d 177, 317 N.E.2d 65; *Nucholls v. Board of Adjustment,* (1977) Okl., 560 P.2d 556; *Zoning Board of Adjustment v. Koehler,* (1971) 2 Pa.Commw.Ct. 260, 278 A.2d 375; *Lincourt v. Zoning Board of Review,* (1964) 98 R.I. 305, 201 A.2d 482; *Bostic v. City of West Columbia,* (1977) 268 S.C. 386, 234 S.E.2d 224. Thus, we must strike the final segment of Chapter 13, Section B(4) of the Shelby County Zoning Ordinance which reads, "except a use which is not specified as a permitted or special use in any district shall not be permitted as a variance," inasmuch as it conflicts with the enabling statute, IC 18–7–4–918(c).

 We also agree with Strange that the effect of our action today should not in any way be construed to suggest that the variance board *must* grant the variance requested in this case. In fact, we disapprove

of the wholesale granting of use variances, as is the practice of many zoning boards, even where such variances are severely restricted as to duration or by other conditions. It is not the function of a variance to provide for limited non-conforming uses simply as a matter of convenience. *See State ex rel. Sheridan v. Hudson,* (1966) Mo.App., 400 S.W.2d 425; *Shea v. Board of Zoning Appeals,* (1964) 25 Conn.Supp. 275, 202 A.2d 837; 3 E.C. Yokley, Zoning Law and Practice § 21–7 (1979). Neither may a variance be used for purposes of rezoning. *Antrim v. Hohlt,* (1952) 122 Ind.App. 681, 108 N.E.2d 197; *LeMond, Where is Indiana Zoning Heading?* 8 Ind.L.Rev. 976 (1975); 3 E.C. Yokley, *supra,* § 21–9. And we disagree with Strange that a Board of Zoning Appeals must grant variances in the same manner that they must grant a special exception. *See Boffo v. Boone County Board of Zoning Appeals,* (1981) Ind.App., 421 N.E.2d 1119 (transfer pending); 3 A.H. RATHKOPF, *supra,* § 41.10; 3 E.C. Yokley, *supra,* § 20–4; 8 E. McQuillin, the Law of Municipal Corporations § 25.160 (1976); 82 Am.Jur.2d *Zoning and Planning* § 283 (1976). It would appear that the legislature has recognized these well established rules by restricting the granting of use variances under the area plan legislation. However, we may not ignore the fact that the legislature saw fit to exclude such a provision from the advisory plan legislation. Because the legislature has specifically distinguished area plan and advisory plan law, we may not ignore their intention and, under the guise of statutory construction, substitute our judgment for theirs.

We reverse and remand this action to the trial court with instructions to remand this cause to the Shelby County Board of Zoning Appeals for a determination of the variance petition under the ordinance as amended by this opinion.

Reversed and remanded with instructions.

NEAL, P. J., and ROBERTSON, J., concur.