STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION

|  |  |  |
|---|---|---|
| In re Fenoff Variance Amendment | } | Docket No. 32-2-10 Vtec |
| In re Fenoff Accessory Dwelling Application | } | Docket No. 196-9-08 Vtec |

Decision and Order on Town's Motion for Summary Judgment

In Docket No. 196-9-08 Vtec, Appellant-Applicants Charles R. Fenoff, Jr. and Kathy Fenoff (Applicants) appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Westmore, denying their most recent application to install an accessory apartment in an existing accessory building on the same property as their residence. That appeal was placed on inactive status for a time, to allow Applicants to apply to the ZBA to amend a variance granted by the ZBA in 2006 (the 2006 Variance) that had authorized the as-built construction of the existing accessory building, but prohibited its residential use. In Docket No. 32-2-10 Vtec, Applicants appealed from a decision of the ZBA denying their request to delete the restrictive conditions from the 2006 Variance.

Appellants are represented by Charles D. Hickey, Esq.; and the Town is represented by John H. Klesch, Esq. Interested party Aline B. Harter has entered an appearance representing herself but has not taken an active role on the present motion.

Motion for Summary Judgment

The Town has moved for summary judgment on all issues raised in Appellants' Statement of Questions in both cases, asking the Court to deny Applicants' application for an accessory dwelling use on the basis that the property

1

does not qualify for "a variance as would be required for the applications which are the subject of both" appeals.

A grant of "summary judgment is appropriate when, giving the benefit of all reasonable doubts and inferences to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Gade v. Chittenden Solid Waste Dist., 2009 VT 107, ¶ 7 (citing Mooney v. Town of Stowe, 2008 VT 19, ¶ 5, 183 Vt. 600 (mem.); V.R.C.P. 56(c).

The facts stated in this decision are undisputed unless otherwise noted.

Factual and Procedural History

The extensive factual and procedural background of these appeals is laid out in this Court's December 27, 2010 Decision and Order (the 2010 Decision) issued in the above-captioned cases, and will be repeated only as necessary in this decision.[1]

Applicants own property at the address of 104 Stoney Brook Lane, in the Town of Westmore. The property is located between Stoney Brook Lane and Stoney Brook (also known as Doring Brook), a year-round stream. The property is a long narrow corner lot that also has frontage at its westerly end on Vermont Route 5A. The property was originally composed of three undersized lots—Lots 6, 7, and 8 of a prior subdivision—which have long since been deemed to have merged into a single approximately 0.95-acre lot. See In re: Fenoff Accessory Dwelling Application, No. 280-12-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. Mar 19, 2008) (Wright, J.).

Applicants' existing house and its septic system are located in the northerly

---

[1] A series of earlier appeals involving this property have also been resolved, as fully described in the December 2010 decision. See In re: Fenoff Accessory Dwelling Application, No. 280-12-06 Vtec; In re: Appeal of Fenoff, No. 199-9-05 Vtec; In re: Appeal of Fenoff, No. 9-1-05 Vtec.

segment of the lot. The accessory building at issue in these appeals was constructed in 2004 in the narrower central portion of the lot. The lot has insufficient width between the road and the stream for a structure in the location of the accessory building to comply with both the roadside setback of 25 feet from the road right-of-way, and the stream setback of 50 feet from the mean water line of the stream. In addition, the lot has insufficient width for a new wastewater disposal system near the accessory building to be located more than 100 feet from the stream as required by § 315.3 of the Zoning Bylaw in effect at the time. The accessory building is located approximately 23½ feet from the road right-of-way and from 24½ feet to 43 feet from the stream.

On April 7, 2006, the ZBA granted a variance from the dimensional setback requirements (the 2006 Variance), allowing the as-built accessory building to remain in place, but imposing conditions that the structure was to be used solely as a garage/storage building, that it could not be used for living quarters, that it was not to be served by a water supply or toilet facilities, and that the as-built wastewater disposal system was to be disconnected and the septic tank removed.[2] No appeal was taken from the grant of the variance or the imposition of its conditions. The variance and its conditions therefore became final, regardless of whether the accessory building met the statutory criteria for a variance to be issued. Therefore, the issue of whether the 2006 Variance met the statutory criteria for a variance is not before the Court in the present case. 24 V.S.A. § 4472(d).

By conditioning the grant of the variance on the use of the building only as a garage and for storage, the ZBA effectively denied the variance for the accessory dwelling unit, stating that the building's wastewater disposal system was less than

---

[2]    Applicants did subsequently remove the septic tank and disconnect the wastewater system.

3

100 feet from the high water level of the stream, and concluding that an accessory dwelling unit requiring water and sewer disposal systems should not be permitted on the property.

Since September 1, 2005, the state zoning enabling statute has required towns to allow accessory dwelling units within or appurtenant to owner-occupied, single-family dwellings, as long as the property has sufficient wastewater capacity, the accessory dwelling unit does not exceed 30 percent of the total habitable area of the single family dwelling, and the applicable setback, coverage, and parking requirements in the town bylaws are met. 24 V.S.A. § 4412(1)(E). That statute also specifically allows municipalities to be less restrictive of such accessory dwelling units than the state statute, and to require conditional use review for accessory dwelling units in certain circumstances. 24 V.S.A. § 4412(1)(F); see, In re Gould Accessory Dwelling Application, No. 33-3-11 Vtec, slip op. at 5–11 (Vt. Super. Ct. Envtl. Div., Aug. 23, 2011) (Wright, J.). To address the amended statute, the Zoning Bylaw was amended, effective June 27, 2006, to provide for such accessory dwelling units. It provides that if an accessory dwelling unit involves "[c]onversion of an existing structure which does not meet the setback requirements of these bylaws," it must receive conditional use approval from the ZBA. Zoning Bylaw § 319.2(4).

In mid-2008, Applicants applied for conditional use approval of the proposed accessory dwelling unit in the accessory building, this time proposing to connect the apartment to the existing waste disposal system serving the existing house on the property. The ZBA denied the application under the successive application doctrine, stating that the changes proposed in the current application were not substantial enough to distinguish it from the application which had been the subject of the 2006 Variance. In its September 3, 2009 summary judgment decision in Applicants' appeal, Docket No. 196-9-08 Vtec, this Court ruled that the scope of the appeal included the merits of the conditional use application, even though the ZBA had

4

only reached the successive application question. However, the Court also ruled that, because the 2006 Variance had become final without appeal, it was necessary for Applicants to seek amendment of the conditions of the 2006 Variance that preclude the use of the structure as a dwelling unit. In re Fenoff Accessory Dwelling Unit, No. 196-9-08 Vtec, slip op. at 6 (Vt. Envtl. Ct. Sept. 3, 2009) (Wright, J.). The conditional use application in Docket No. 196-8-08 Vtec was then placed on inactive status pending Applicants' application to the ZBA to amend the conditions of the 2006 Variance Decision.

Applicants then filed the application that is the subject of Docket No. 32-2-10 Vtec, requesting the ZBA to amend the conditions of the 2006 Variance to eliminate conditions 1, 2, and 3 prohibiting the use of the accessory building for living quarters served by a water supply. The ZBA ruled that no changed circumstance warranted amendment of the 2006 Variance, applying the so-called Stowe Club Highlands doctrine, made applicable to municipal land use permits by In re Hildebrand, 2007 VT 5, ¶ 7, 181 Vt. 568.

This Court's 2010 Decision in the consolidated appeals ruled that sufficient factual and regulatory changes had occurred since the 2006 Variance had been granted to allow Applicants to apply both for conditional use approval of an accessory apartment in the accessory building and for amendment of the 2006 Variance. The Town's present motion for summary judgment followed.

Town's Motion for Summary Judgment

Because the 2006 Variance became final without appeal, the Court in the present appeals is precluded from evaluating whether the accessory garage/storage building qualified for a variance under the statutory criteria. Nevertheless, the Court in these de novo appeals must evaluate the present application to amend the 2006 Variance, to delete its restrictive conditions, under the statutory criteria for a

variance.

Variances function "as an escape hatch from the literal terms of an ordinance which, if strictly applied, would deny a property owner all beneficial use of his land and thus amount to confiscation." In re Mutschler, Canning and Wilkins, 2006 VT 43, ¶ 7, 180 Vt. 501 (mem.) (quoting Lincourt v. Zoning Bd. of Review, 98 R.I. 305, 201 A.2d 482, 485–86 (1964)) (internal quotation marks omitted); see also Appeal of Bailey, No. 230-10-02 Vtec, slip op. at 4 (Vt. Envtl. Ct. March 21, 2006) (Wright, J.) (variances function to prevent an unconstitutional taking if a landowner is otherwise deprived of all beneficial use of the property) aff'd No. 2006-192 (Vt. Dec. 1, 2006) (3-justice panel) (unpublished mem.). Variances are not meant to provide generally-available waivers from the dimensional requirements of an ordinance; municipalities wishing to do so may adopt such waiver provisions under the authority of 24 V.S.A. § 4414(8), which the Town of Westmore has not done.

In order for the ZBA, or this Court in this de novo appeal, to grant the amendment to the 2006 Variance, the proposed amendment deleting the restrictive conditions must satisfy all five of the criteria for a variance listed at 24 V.S.A. § 4469(a), as the Zoning Bylaw does not contain a statement of the variance criteria. See 2006 Zoning Bylaw, § 604.3. The state statute, 24 V.S.A. § 4469(a), requires that:

(1) There are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that unnecessary hardship is due to these conditions, and not the circumstances or conditions generally created by the provisions of the bylaw in the neighborhood or district in which the property is located.

(2) Because of these physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the bylaw, and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) Unnecessary hardship has not been created by the appellant.

6

(4) The variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, substantially or permanently impair the appropriate use or development of adjacent property, reduce access to renewable energy resources, or be detrimental to the public welfare.

(5) The variance, if authorized will represent the minimum variance that will afford relief and will represent the least deviation possible from the bylaw and from the plan.

In the present case, there is no dispute that the narrow width of Applicants' property creates an unnecessary hardship, or that that hardship was not caused by Applicants. It also appears that the removal of the limiting conditions of the 2006 Variance, if authorized, would not alter the character of the neighborhood in which Applicants' property is located, as an accessory dwelling unit is an allowed use in residential areas. The application to amend the 2006 Variance therefore meets variance criteria 1, 3, and 4.

However, the application does not meet either criterion 2 or criterion 5. It must meet all five criteria in order to be granted; therefore Appellants' application to amend the 2006 Variance must be DENIED.

In order to satisfy criterion 2, Applicants must show that "there is no possibility that the property can be developed in strict conformity with the bylaw," and that the variance is "necessary to enable the reasonable use of the property." 24 V.S.A. § 4469(a)(2). Applicants already have the use of not only a single-family dwelling but also the accessory garage/storage structure. Thus, Applicants' existing use of the property already constitutes a reasonable use of the property, making the removal of the restrictive conditions to allow installation of an accessory dwelling unit unnecessary to enable the reasonable use of the property. Applicants' application to amend the 2006 Variance to remove the restrictive conditions therefore must be DENIED.

Neither does the amendment application satisfy criterion 5 of the statute.

Because Applicants can already make a reasonable use of their property, and because they have already been granted a variance for the accessory building as a garage and for storage, the amendment of the variance conditions to allow an accessory dwelling unit to be installed in the accessory building is not the minimum variance that will afford Applicants relief from the Zoning Bylaw. Accordingly, Applicants' application to amend the 2006 Variance to remove the restrictive conditions therefore must be DENIED.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that summary judgment is GRANTED to the Town that Applicants' application to amend the conditions of the 2006 Variance cannot satisfy all of the statutory criteria for a variance under 24 V.S.A. § 4469(a) and must therefore be DENIED, and that therefore an accessory dwelling unit in the accessory building is not eligible for approval as a conditional use, concluding both appeals.

Done at Berlin, Vermont, this 30th day of August, 2011.

_____
                     Merideth Wright
                     Environmental Judge