# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Cricket Store 17, LLC d/b/a Taboo, Appellant,

v.

City of Columbia Board of Zoning Appeals, Respondent.

And

City of Columbia Zoning Administrator, Counterclaimant,

v.

Cricket Store 17, LLC d/b/a Taboo, Counterdefendant.

Appellate Case No. 2017-000561

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

Opinion No. 5673
Heard May 16, 2019 – Filed August 7, 2019

**AFFIRMED**

Thomas R. Goldstein, of Belk Cobb Infinger & Goldstein, PA, of Charleston, for Appellant.

Peter M. Balthazor, of Riley Pope & Laney, LLC, of Columbia, and Scott D. Bergthold, of Chattanooga, Tennessee, for Respondent.

**KONDUROS, J.:**   Cricket Store 17 d/b/a Taboo (Taboo) appeals the order of the circuit court affirming the decision of the City of Columbia Board of Zoning Appeals (the Board) in denying Taboo the right to request a special exception from a city ordinance limiting the operation of sexually-oriented shops within the limits of the City of Columbia (the City).  We affirm.

**FACTS/PROCEDURAL BACKGROUND**

In 2011, Taboo applied for a license to operate the City's only licensed adult business.  The City issued the license on December 5, 2011.  On December 19, 2011, the City hired Scott Bergthold, a Tennessee attorney who specializes in handling adult businesses regulation/zoning.  The City passed a licensing ordinance to regulate adult businesses.  Subsequently, Bergthold drafted a zoning ordinance to regulate adult business locations for the City.  This ordinance, sections 17-371 to -376 of the City of Columbia Code of Ordinances, (the ordinance) was enacted in November of 2012.

Section 17-374(a) of the ordinance provides: "No variance from any of the provisions of this section may be granted by the zoning board of adjustment.  No special exception regarding any of the requirements of this section may be granted by the zoning board of adjustments."  Taboo brought constitutional challenges against the ordinance in federal court and lost.  *See Cricket Store 17, LLC v. City of Columbia*, 97 F. Supp. 3d 737 (D.S.C. 2015) (granting the City's motion for summary judgment), *aff'd*, 676 Fed. Appx. 162 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 116 (2017).

After Taboo's federal claims failed, Taboo applied to the Board for a special exception.  However, the Zoning Administrator rejected and returned Taboo's application for special exception by letter dated February 26, 2016, stating the ordinance prohibited Taboo from filing an application for special exception.  Meanwhile, the City threatened criminal prosecution against Taboo for violating the ordinance.  On January 28, 2016, the Zoning Administrator delivered a written notice of violation letter to Taboo.  Taboo then filed two appeals with the Board— one appealing the Zoning Administrator's decision to issue citations and a second one appealing the Board's refusal to accept its application for special exception.  The Board accepted both appeals.

The City scheduled both administrative hearings for April 12, 2016.  After the hearings were conducted, the Board affirmed the Zoning Administrator's decision

on both counts. Taboo appealed these rulings to the circuit court which affirmed. This appeal followed.

**STANDARD OF REVIEW**

This court reviews appeals from a local zoning board pursuant to the standards proscribed in section 6-29-840 of the South Carolina Code (Supp. 2018). *Austin v. Bd. of Zoning Appeals*, 362 S.C. 29, 35, 606 S.E.2d 209, 212 (Ct. App. 2004). Findings of fact will not be disturbed unless the record contains no evidence to reasonably support them. *Id.* However, "[i]ssues involving the construction of ordinances are reviewed as a matter of law under a broader standard of review than is applied in reviewing issues of fact." *Eagle Container Co. v. Cty. of Newberry*, 379 S.C. 564, 568, 666 S.E.2d 892, 894 (2008).

**LAW/ANALYSIS**

**I. Res Judicata**

As an initial matter, the City argues res judicata bars Taboo's claims in this case, and therefore, the circuit court's order should be affirmed. The City maintains it defeated Taboo's challenges to the ordinance in federal court and those decisions prohibit relitigation of any issues that were, or could have been, raised therein. We disagree.

> Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties. Under the doctrine of res judicata, [a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.

*Judy v. Judy*, 393 S.C. 160, 172, 712 S.E.2d 408, 414 (2011) (quoting *Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) (alteration in original) (quotation marks omitted)).

In this case, the circuit court held "the federal court rejected Taboo's challenges to the City's application of its ordinance to Taboo, and the Fourth Circuit has recently affirmed that ruling. That final judgement in federal court is *res judicata* to Taboo's claims against the City's enforcement of the ordinance against its sexual

device shop." The circuit court went on to affirm the rejection of Taboo's application for special exception and the issuance of citations in January 2016 on the merits.

We conclude res judicata does not apply to the matters on appeal in the present case. The federal litigation affirmed the constitutionality of the ordinance generally and as applied to Taboo. While Taboo is still attempting to postpone its demise in its current location, it is not alleging the ordinance is unconstitutional or cannot be applied to it on a substantive basis. Therefore, the issues raised in this appeal were not litigated in the federal action nor could they have been. First, the citations were issued in 2016, after the district court's opinion. Likewise, Taboo did not apply for a special exception until 2016. Both issues involve the interpretation and procedural implementation of the ordinance as opposed to its constitutional validity or general application to Taboo. Because we conclude res judicata does not bar Taboo's arguments, we will address them in turn.

## II.     Statutory Construction

Section 17-374(a) of the ordinance provides: "No variance from any of the provisions of this section may be granted by the [Board]. No special exception regarding any of the requirements of this section may be granted by the [Board]." Taboo contends use of the word "may" means the Board had the discretion to grant its request for a special exception. Consequently, the circuit court's conclusion the Board could not at least consider its application is erroneous. We disagree.

"The primary rule of statutory construction is that the [c]ourt must ascertain the intention of the legislature." *Kerr v. State*, 345 S.C. 183, 188, 547 S.E.2d 494, 496 (2001). "In interpreting a statute, 'the court must give the words their plain and ordinary meaning without resorting to a tortured construction which limits or expands the statute's operation.'" *State v. Bull*, 350 S.C. 58, 61, 564 S.E.2d 351, 353 (Ct. App. 2002) (quoting *State v. Dickerson*, 339 S.C. 194, 199, 528 S.E.2d 675, 677 (Ct. App. 2000)). "Furthermore, 'a statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers.'" *Id*. (quoting *State v. Baker*, 310 S.C. 510, 512, 427 S.E.2d 670, 672 (1993)). "As with statutes, the lawmakers' intent embodied in an ordinance 'must prevail if it can be reasonably discovered in the language used.'" *Clear Channel Outdoor v. City of Myrtle Beach*, 360 S.C. 459, 466, 602 S.E.2d 76, 79 (Ct. App. 2004) (quoting *Charleston Cty. Parks & Recreation Comm'n v. Somers*, 319 S.C. 65, 67, 459 S.E.2d 841, 843 (1995)).

"The use of the word 'may' signifies permission and generally means that the action spoken of is optional or discretionary unless it appears to require that it be given any other meaning . . . ." *Kennedy v. S.C. Ret. Sys.*, 345 S.C. 339, 352-53, 549 S.E.2d 243, 250 (2001). "[W]hen the question arises whether 'may' is to be interpreted as mandatory or permissive in a particular statute, legislative intent is controlling." *Robertson v. State*, 276 S.C. 356, 358, 278 S.E.2d 770, 771 (1981). "'[W]here other words are used in connection with "shall," "must," "may[,]" or "might," which clearly indicate mandatory or directory construction, as the case may be, we have never ignored the force of the descriptive or qualifying language.' . . . Courts that have construed legislative use of the phrase 'may not' have consistently held that the phrase is mandatory and not permissive or discretionary." *Stringer v. Realty Unlimited, Inc.*, 97 S.W.3d 446, 448 (Ky. 2002) (quoting *Clark v. Riehl*, 230 S.W.2d 626, 627 (Ky. 1950)); *see also In re Denial of Application for Issuance of One Original (New) On-Premises Consumption Beer/Wine License*, 883 P.2d 833, 836 (Mont. 1994) (holding the phrase "may not consider" precludes consideration).

In the ordinance at issue, use of the term "no" at the beginning reveals the intent that variances or special exceptions to the ordinance not be allowed. South Carolina case law has recognized the term "may" does not exclusively connote discretionary conduct when construing it so would violate legislative intent. Furthermore, the rules of construction indicate the court is not to give words a tortured meaning. To construe this ordinance as discretionary requires one to read out the word "no" in a way that contorts its plain meaning and renders it superfluous. Consequently, we affirm the circuit court's finding the ordinance did not permit the Board discretion to grant Taboo's request for special exception.

### III.    Conflict with Statute

Next, Taboo argues the circuit court erred in not finding section 17-374(a) of the ordinance conflicts with the enabling legislation that creates local zoning boards of appeal, section 6-29-800 of the South Carolina Code (Supp. 2018). We disagree.

Subsection (B) of the enabling statute states, "Appeals to the [B]oard may be taken by any person aggrieved or by any officer, department, board, or bureau of the municipality or county." Taboo maintains it is an aggrieved person and must therefore be permitted to make its appeal for a special exception. The City argues the ordinance prohibits the granting of a variance in this case and the "any aggrieved person" language in subsection (B) of the enabling statute is proscribed by the subject matter limitations set forth in subsection (A). Section 6-29-

800(A)(2) provides the Board has the power "to hear and decide appeals for variance from the requirements of the zoning ordinance when strict application of the provisions of the ordinance would result in unnecessary hardship." Further, "[a] local governing body by ordinance may permit or preclude the granting of a variance for a use of land, a building, or a structure that is prohibited in a given district . . . ." § 6-29-800(A)(2)(d)(i).

Under a prior version of this enabling legislation, our supreme court found an ordinance flatly prohibiting variances conflicted with the enabling legislation at issue. The disputed ordinance in *Bostic v. City of W. Columbia*, 268 S.C. 386, 389, 234 S.E.2d 224, 225 (1977), provided "under no circumstances shall the Board of Adjustment grant a variance to permit a use not generally or by specific exception permitted in the district involved." The court found the challenged ordinance conflicted with the enabling statute which permitted zoning boards to grant variances. *Id*. at 389-90, 234 S.E.2d at 226. In contrast, the current enabling legislation specifically authorizes local governing bodies to "preclude the granting of a variance for a use of land, a building, or a structure that is prohibited in a given district." 6-29-800(A)(2)(d)(i). Furthermore, section 6-29-800(A)(3) enables governing bodies "to permit uses by special exception *subject to the terms and conditions for the uses set forth for such uses in the zoning ordinance*." *Id.* (emphasis added). Because local governing bodies are now permitted to pass a prohibitory ordinance like 17-374(a), we conclude the current statute and challenged ordinance do not conflict even in light of the "any aggrieved person" language in subsection (B). As the City maintains, the designation of *who* may appeal for a variance is circumscribed by the parameters set forth in subsection (A). Therefore, we affirm as to this issue.

## IV.   Remaining Issues

Additionally, Taboo asserts (1) it was not afforded the opportunity for a presubmission meeting with the City, (2) its claims should have been referred for mediation, and (3) the circuit court erred in admitting Bergthold pro hac vice. We conclude these issues are either unpreserved for appellate review or have been abandoned based on a lack of citation to supporting law. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Mulherin-Howell v. Cobb*, 362 S.C. 588, 600, 608 S.E.2d 587, 593-94 (Ct. App. 2005) (noting when an appellant fails to cite any supporting authority for his position and makes conclusory arguments, the appellant abandons the issue on appeal).

**CONCLUSION**

Based on all of the foregoing, the order of the circuit court is

**AFFIRMED.**

**HUFF and THOMAS, JJ., concur.**